UNITED STATES FIRE INSURANCE COMPANY, Appellant,

v.

Billy Ray BISHOP, Appellee.

No. 18425.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 19, 1981.

Rehearing Denied March 19, 1981.

Henderson, Bryant, Wolfe, Vogelsang & Graber and Donald H. Flanary, Jr., Sherman, for appellant.

Gray, Whitten & Loveless and Jack Gray, Denton, Herrick & Waltrip and Bill Waltrip, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is a workers' compensation case. In April of 1979 the appellee, Billy Ray Bishop, sustained an injury in the course and scope of his employment. Bishop worked as a painter. In the process of lifting two five gallon buckets of paint he felt his back "give way" and was taken from the job site to the hospital. Following examination and consultation Bishop underwent back surgery. He returned home to convalesce. He inadvertently reinjured his back as a result of a sneeze while in bed, again returned to the hospital and was again operated on. He was released, returned home and continued to improve until he was reinjured upon returning to work in January of 1980.

Prior to his return to work, in October of 1979 Bishop and his orthopedic surgeon, Dr. McAdams, discussed Bishop's future possibilities of working. Bishop was advised that he should look for work on a light duty basis. In December of 1979, again in a conversation with his doctor, Bishop was advised that he could return to work in January of 1980, with the proviso to avoid bending, stooping, lifting and doing heavy labor. He was not to carry paint cans weighing 80 to 100 pounds. He was not to climb any ladders because he might fall.

Upon returning to work, Bishop confronted with a late arrival of paint, chose to spend the day working as a carpenter's helper. By the end of the day he was experiencing severe pain in his lower back and was hospitalized. Bishop has not returned to work since.

Bishop filed a claim with the Industrial Accident Board and was awarded total and permanent disability. Pursuant to Tex. Rev.Civ.Stat.Ann. art. 8307, sec. 5 (1967), Bishop gave proper notice that he was not willing to abide by the final ruling of the Industrial Accident Board. Appropriately, as the statute provided that he could file suit within twenty days after the filing of such notice either in the county where the injury occurred or in the county where the employee resided at the time, Bishop chose to file in his home county, also being the county in which Dr. McAdams, his treating doctor, had his office. The insurance company filed its suit to set aside the award in Grayson County.

Trial was to a jury in Denton County with the court rendering judgment for Bishop, finding him to be totally and permanently disabled. The defendant, United States Fire Insurance Company, appealed, raising three points of error.

We affirm the judgment of the trial court.

The insurance company argues that the trial court lacked the jurisdiction to hear this case. Bishop was awarded total and permanent disability by the Industrial Accident Board. Bishop then chose to file suit, requesting the same relief the Industrial Accident Board had already awarded him. Appellant argues that Bishop is merely asking for what he already has and, as a result, has failed to show any harm. No harm, appellant argues, means no jurisdiction.

There exists an underlying matter. After receiving the total and permanent decision from the Industrial Accident Board, Bishop's attorney, Mr. Gray, became aware

of the insurance company's intent to appeal the ruling. Mr. Gray testified; "It is true that the award of the Board was total and permanent disability, ... but as an attorney for Mr. Billy Ray Bishop, I was well aware that the insurance company would appeal .... Choice of forum is sometimes the most important single thing in any lawsuit, and the proof of the pudding of what we say is right here ... because they (the insurance company) did appeal, but they appealed a day and a couple of hours later, which gave this Court exclusive jurisdiction and venue in this matter."

The insurance company argues that since Bishop has his award he asks the court for nothing in the process of filing his suit. On the other hand the insurance company is fully aware that by merely filing its suit in the forum of its choice Bishop's award will cease to exist.

■ Tex.Rev.Civ.Stat.Ann. art. 8307 (1967) provides that *any interested party* who is not willing to abide by the final ruling of the Board may give notice to that effect and bring suit. Bishop desires a total and permanent award. He is simply unwilling to abide by the Board's award which was not a final judgment.

We overrule appellant's first point of error.

During the course of the trial appellant insurance company called a Dr. Charles McAleer as an expert witness. Dr. McAleer, a Ph.D., and a vocational rehabilitation expert was called to rebut the testimony of Dr. Charles McAdams, an M.D., and expert witness. The court listened to the insurance company's rebuttal witness outside the hearing of the jury and, afterwards, excluded his testimony. Appellant, in his second point, cites error of the trial court in excluding this evidence from the jury.

In *Mesa Trucking Company v. King*, 376 S.W.2d 863 (Tex.Civ.App.—Amarillo 1964, writ ref'd n. r. e.), that court quotes the following from *Bolstad v. Egleson*, 326 S.W.2d 506, 507 (Tex.Civ.App.—Houston 1959, writ ref'd n. r. e.):

"It is for trial court to determine if proposed witness has had sufficient opportunity for observation and experience in line with subject under inquiry to entitle him to give his opinion based upon evidence adduced and when trial court, in exercise of sound discretion, has determined such matter, appellate courts will not disturb that decision in absence of abuse of discretion."

■ In overruling appellant's second point of error we note that appellant's proffered expert witness was a vocational psychologist yet was asked to interpret medical records of a man he had never seen. Nor did the appellant ever establish that Dr. McAleer had any medical training that would qualify him to interpret these records.

The insurance company offered in evidence in its entirety all of the testimony of this psychologist. A part of that testimony was as follows:

"He would also be totally disabled from the time he was reinjured until such a time as he stated he was ready and his physician stated he was ready to return to work again."

This was an attempt to have the psychologist testify to Bishop's injuries and disability. He was not shown to have been qualified to do so.

We find that the trial court did not abuse its discretion in excluding this testimony and overrule this point of error.

Tex.Rev.Civ.Stat.Ann. art. 8307, sec. 4 (1967) provides in part:

"If any employee shall persist in insanitary or injurious practices which tend to either imperil or retard his recovery, or shall refuse to submit to such medical or surgical treatment, ... the board may in its discretion order or direct the association to reduce or suspend the compensation of any such injured employee. No compensation shall be reduced or suspended under the terms of this Section without reasonable notice to the employee and an opportunity to be heard."

In January, 1980 Bishop went back to work. The paint supplies did not arrive on time so he could not paint. He worked as a carpenter's helper and according to the doctor carried some $2 \times 12$s during the day. He worked 8 hours but that night found that his back was sore. He returned to the doctor and has not been able to work since that time.

There is no evidence that he violated the doctor's instructions. There is no evidence that he persisted in injurious practices. In *Utica Mutual Insurance Company v. Ritchie*, 500 S.W.2d 879, 883 (Tex.Civ. App.—Houston [1st Dist.] 1973, no writ) interpreted this statute to apply if the injured employee is "One who persists in a course of conduct does so resolutely in spite of warning or opposition."

We find nothing in the record that would indicate that Bishop persisted in injurious practices which intend to imperil or retard his recovery.

This point of error is overruled.

We have carefully considered each point of error and each is overruled.

Affirmed.