632 S.W.2d 906 (1982)
TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,
v.
Jerral SPANN, Appellee.
No. 2-82-013-CV.
Court of Appeals of Texas, Fort Worth.
April 29, 1982.
Rehearing Denied May 27, 1982.
DeHay & Blanchard, and J. W. Payne, Dallas, for appellant.
The Law Offices of Jeff Walker, and Jeff Walker, Fort Worth, for appellee.
Before MASSEY, C. J., and SPURLOCK and JORDAN, JJ.

OPINION
JORDAN, Justice.
Appeal from an order of the trial court overruling appellant's plea of privilege and plea in abatement in a Worker's Compensation Case filed by appellee in Tarrant County.
We affirm.
On June 2, 1981 the Industrial Accident Board of the State of Texas entered an award denying the Worker's Compensation claim of appellee based on an alleged compensable injury he sustained while employed on January 28, 1981. The Board specifically found that the evidence at the hearing before the board failed to establish that the claimant sustained a compensable injury in the course of his employment for the subject employer as alleged. At this point in time appellant had prevailed in its denial and defense of appellee's claim and had suffered no loss or injury. The claimant had failed in his claim before the board and had recovered nothing.
On June 4, 1981 appellant filed suit in Dallas County, stating simply that claimant had made claims for compensation in an amount in excess of $500.00, that appellant gave required notice of appeal and that it thereafter timely filed its suit "to have such cause tried de novo." Nowhere in its petition in the Dallas County suit did appellant ask to have the award of the Board set aside and held for naught.
Thereafter, on July 6, 1981, appellee filed his suit in Tarrant County, Texas, under The Worker's Compensation Act for benefits due him as a result of a compensable injury sustained by him on January 28, 1981.
All of these facts were stipulated to by and between the parties, who also stipulated *907 that both lawsuits arose out of the same alleged compensable injury, occurring in Dallas County, and out of the same award of the Industrial Accident Board on June 2, 1981.
Appellant Insurance Company then filed its plea of privilege in the Tarrant County suit to have that suit transferred to Dallas County, where its suit was pending and was first filed, under V.A.C.S., art. 8307a, which provides that a Worker's Compensation case may be filed either in the county where the injury occurred or in the county of residence of the claimant. Appellant also filed a Plea in Abatement in the Tarrant County case, alleging alternatively that since the Dallas case was first filed, the Tarrant County case filed by appellee should be abated until the Dallas County action was tried.
At a hearing on both pleas on December 23, 1981, at which time the above facts were stipulated by the parties, with the introduction of no other evidence, the trial court overruled both appellant's Plea of Privilege and Plea in Abatement.
The question before this court is simply whether, at the time Texas Employers Insurance Association filed its suit on the Board's award on June 4, 1981 in Dallas County, it had any cause of action or any right to appeal to the district court from the award of the board. Under the Worker's Compensation Act (V.A.C.S. art. 8306 et seq.), filing of a claim for compensation before the Industrial Accident Board is the first requirement; it is jurisdictional. Without the filing of a claim for compensation before the Board, there can be no compensation case filed in the district court. The suit in the district court is an appeal from the award of the board and under the Act is tried de novo in the district court.
If, then, appellant had a legitimate right to appeal from the award of the Board when it filed its suit in Dallas County on June 2, 1981, the Dallas County District Court acquired jurisdiction first under V.A. C.S., art. 8307a, and the later filed Tarrant County suit should have been transferred to Dallas County and consolidated with the Dallas County suit.
To support its position, appellant cites and relies on the case of Texas Employers Insurance Association v. Baeza, 584 S.W.2d 317 (Tex.Civ.App.Amarillo 1979), which presents the reverse situation to this case.
In Baeza, the claimant, appellee in that case, had recovered an award from the Industrial Accident Board of total, permanent incapacity, meaning $35.00 per week for 401 weeks, which at that time was the maximum recovery possible under the Worker's Compensation Act. The injury had occurred on November 1, 1968, and this was the second appeal. The insurance company in Baeza filed its suit to set aside the award of the Board on April 6, 1978 in Dallas County, but the claimant had filed suit in Ector County on April 5, 1978 even though, as shown, he had made a maximum recovery of benefits before the Board. In Baeza the court noted that: "The core of the conduct complained of is that Baeza filed his suit without a bona fide intention to prosecute it. A requisite for the commencement of a suit is the plaintiff's bona fide intention to prosecute it, but this is a question of fact which must be determined by the trial court and not by the appellate court." The court then proceeded to hold that there was no evidence before the trial court to show a lack of bona fide intention on the part of Baeza to prosecute his suit, so, for that reason, the trial court had not erred in failing to strike Baeza's plea in abatement. However, the court did hold that the evidence did not show the pendency of the prior suit (Baeza's) at the time the plea in abatement was heard, and for that reason held that the trial court had erred in sustaining Baeza's plea in abatement.
The question in Baeza was not before the trial court in this case, and thus Baeza is distinguishable from this one. The critical question in this case is whether appellant, at the time it filed its Dallas County appeal, had a cause of action, or a right, or complaint with respect to the award of the Board on which it could, under the Worker's Compensation Act, appeal and file suit in the district court. We think this question must be answered in the negative.
*908 A legal injury must be sustained before any cause of action in any case arises. Hernandez v. Great American Insurance Co. of N.Y., 456 S.W.2d 729 (Tex.Civ.App.Corpus Christi 1970), reversed on other grounds, 464 S.W.2d 91 (Tex.1971). See also Texas State AFL-CIO v. Brown, 378 S.W.2d 917, (Tex.Civ.App.Austin 1964), writ ref'd., n.r.e., 1 Tex.Jur. 111, Actions, Sec. 16. We note that in appellant's original petition filed in the Dallas County District Court on June 4, 1981, it simply referred to the case pending originally before the Industrial Accident Board, and very carefully refrained from stating that the district court suit was an appeal from the award of the Board. It did not state what the award of the Board was. It simply stated that the appellee had made claims for compensation for more than $500.00, that appellant had given timely, required notice of its intention not to abide by the Board's ruling, and that if the jury should find appellee Spann had been injured in the course and scope of his employment, that he had not suffered any disability or loss in wage earning capacity.
Appellant insurance company, at the time it filed its suit in Dallas County, had no claim or cause of action. It had no appeal from the award of the Industrial Accident Board for the simple reason that it had prevailed before the Board. Appellant, at the time in question, at least, had secured and obtained every remedy possible before the Board. Up to that point, it had prevailed in all respects. There can be no appeal from a ruling which gives one party everything it seeks. An appeal of necessity must be based on a clearly legal wrong. The only loss or damage done at that time, when the Board rendered its decision, was to appellee Spann, who had been denied any recovery whatever on his claim. V.A.C.S., art. 8307, sec. 5, speaks of an appeal by any interested party not willing to abide by the final ruling of the board. Appellant did not state, nor could it state, any reason for dissatisfaction with the Board's award. The ruling of the Board was not adverse to appellant. We think the trial court, with all of the necessary facts stipulated, acted properly in overruling both appellant's plea of privilege and plea in abatement. We also think that implicit in the trial court's ruling was a finding that the appeal filed in Dallas County was an attempt on the part of appellant to prevent the appellee Spann from appealing the ruling of the Industrial Accident Board to a court in Tarrant County, his county of residence.
The judgment is affirmed.