**STATE of Texas, Appellant,**

v.

**Coral Brown WELLER, Appellee.**

No. C14–82–677CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 16, 1984.

Rehearing Denied March 22, 1984.

Mark White, Atty. Gen., Joe D. Jarrard, Jr., Carla M. Crisford, Asst. Attys. Gen., Austin, for appellant.

John O'Quinn, Mike Kerensky, John O'Quinn & Associates, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

This appeal is from a judgment awarding Coral Brown Weller, appellee, a $105,-903.97 recovery from the State of Texas. That award was based upon injuries she received when a poorly constructed angle iron device attached to a highway overpass was struck by a Vulcraft Carrier Corporation truck. The device flew off and struck appellee in the face. At that time Mrs. Weller was a passenger in a car following the Vulcraft truck, the car being driven by her now-deceased husband (Harvill B. Weller).

Appellee and Mr. Weller sued Vulcraft Corporation, its truck driver (the Vulcraft defendants) and the Texas Highway Department. During trial, Mrs. Weller settled her claim against the Vulcraft defendants for $100,000. In answering the special issues, the jury found the total amount of damages to be $261,000. The trial court subtracted the Weller-Vulcraft $100,000 settlement from that amount (leaving $161,000); it then further reduced that amount to $100,000 [the maximum liability of the state under the Texas Tort Claims Act, TEX.REV.CIV.STAT.ANN. art. 6252–19, § 3 (Vernon 1982).]

The trial court then added pre-judgment interest of $5,903.97 on the past medical expenses only, thus increasing the total amount of the judgment to $105,903.97.

Appellant, the State of Texas, originally presented eight points of error. Appellee raised one cross point. However, appellant subsequently waived seven of its points of error. We now consider appellant's remaining point, point of error number six: whether the trial court erred in awarding appellee pre-judgment interest for the reason that, as a matter of law, a plaintiff cannot recover such interest on damages for personal injuries under the Texas Tort Claims Act.

Appellee's sole cross point urges that the trial court erred in not granting pre-judgment interest on the general damages as well as on the past medical expenses. We will consider appellant's remaining point of error and appellee's cross-point simultaneously.

The Texas Tort Claims Act states that the liability of each unit of government in

the state "shall be limited to $100,000 per person ...." *Id.*

Texas courts have long recognized that the award of pre-judgment interest in personal injury cases is erroneous. *See Hutton v. Burkett*, 18 S.W.2d 740 (Tex.Civ. App.—Eastland 1929, writ ref'd). Appellee argues that today's inflation rate and the natural concern of courts to dispense equity compels us to re-examine and revise that long-standing rule. We reject that argument. If any change should be made in that rule, it should be made by the legislature, not the courts. Furthermore, the allowance of pre-judgment interest would violate the statutory limit on the state's liability under the Texas Tort Claims Act.

Appellee cites twelve cases to support her plea to sustain the trial court's award of pre-judgment interest. *See e.g. Hyatt Cheek Builders-Engineers Co. v. Board of Regents*, 607 S.W.2d 258 (Tex.Civ.App.— Texarkana 1980, writ dism'd); *Tennell v. Esteve Cotton Co.*, 546 S.W.2d 346 (Tex. Civ.App.—Amarillo 1976, writ ref'd n.r.e.); *Cage Bros. v. Cage*, 382 S.W.2d 169 (Tex. Civ.App.—San Antonio 1964, writ ref'd n.r. e.); and *Sanchez v. Schindler*, 651 S.W.2d 249 (Tex.1983). However, only one of the twelve cases cited, *Sanchez v. Schindler, supra,* involved an award for personal injuries. We do not find *Sanchez* on point. That case concerned abolition of the pecuniary loss rule as a limitation on the damages recoverable under the Texas Wrongful Death Act. It makes no mention of any change in the long-standing rule against allowing pre-judgment interest in personal injury cases.

We sustain appellant's sixth point of error.

It follows from our disposition of appellant's sixth point of error that appellee's cross-point complaining of the trial court's refusal to award pre-judgment interest on the general damages found by the jury should also be overruled.

The judgment of the trial court is reformed to eliminate the pre-judgment interest of $5,903.67. As reformed the judgment of the trial court is affirmed.