**Coral Brown WELLER, Petitioner,**

v.

**STATE of Texas, Respondent.**

No. C–3010.

Supreme Court of Texas.

Sept. 19, 1984.

O'Quinn, Hagans & Wettman, John O'Quinn and Frank M. Staggs, Jr., Houston, for petitioner.

Jim Mattox, Atty. Gen., Joe D. Jarrard, Asst. Atty. Gen., Austin, for respondent.

1. Texas Tort Claims Act, ch. 50, § 3, 1973 Tex. Gen.Laws 77, Amended by Act of September 1, 1983, ch. 530, § 3(b), 1983 Tex.Gen.Laws 3784, 3085.

2. At the time of trial the Texas Tort Claims Act limited the State's liability for bodily injury or

## ON MOTION FOR REHEARING

PER CURIAM.

This is an appeal from a personal injury judgment in favor of Coral Brown Weller against the State of Texas. The jury returned a verdict against the State in excess of the maximum liability limits of the Texas Tort Claims Act.[1] The trial court reduced the award to conform to the State's maximum liability of $100,000.[2] The trial court then added prejudgment interest to one component of Weller's damages, her past medical expenses, bringing the sum of the final judgment to $105,903.97, plus post-judgment interest.

The court of appeals reformed the judgment of the trial court to eliminate the prejudgment interest and, as reformed, affirmed the judgment of the trial court. 666 S.W.2d 362. The court of appeals stated two reasons for rejecting the award of prejudgment interest: (1) the award of prejudgment interest in cases of personal injury is erroneous, and (2) the Texas Tort Claims Act provides a maximum recovery against the State of $100,000 per person. We refused Weller's application for writ, no reversible error.

We agree that the Texas Tort Claims Act prohibits the addition of prejudgment interest in this case. Weller had no statutory right to prejudgment interest, but rather sought such interest as an element of damages under common law. *See Watkins v. Junker*, 90 Tex. 584, 40 S.W. 11 (1897). At the time this case was tried, the Act permitted a maximum damage recovery of $100,000 per person. Because the jury found damages in excess of $100,000, the liability limitation of the Act precludes the award of prejudgment interest as damages here.

Our disposition of the present application should not be construed as approval of the

death to $100,000 per person and $300,000 for any single occurrence. Effective September 1, 1983, the Act was amended to increase the maximum limits on the liability of the state government. *See,* Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 3(b) (Vernon Supp.1984).

court of appeal's additional holding that the award of prejudgment interest in cases of personal injury is never permissible. We reserve for the appropriate case the question whether the plaintiff in a case of personal injury is entitled to prejudgment interest on liquidated damages.

Weller's motion for rehearing is overruled.