LUMBERMENS MUTUAL CASUALTY
COMPANY, Appellant,

v.

Strather S. SHAW, Appellee.

No. B14–84–547CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 20, 1984.

Thomas C. Fitzhugh, III, Houston, for appellant.

Thomas R. Markey, Peter Steiner, Corpus Christi, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

OPINION

ELLIS, Justice.

This is an appeal from an order granting a plea in abatement. Appellant, Lumbermens Mutual Casualty Co., filed an original petition in a worker's compensation case in Harris County. Appellee and claimant, Strather S. Shaw, answered appellant's suit with a general denial and a plea in abatement.[1] The plea in abatement was granted and appellant's case was dismissed with prejudice. We affirm.

Appellant brings one ground of error on appeal. It alleges that the trial court erred in granting appellee's plea in abatement because appellant had the right, under Tex. Rev.Civ.Stat.Ann. art. 8307, § 5 (Vernon Supp.1984), to institute a suit against appellee.

Appellee sought worker's compensation benefits from appellant for injuries allegedly received while driving a truck. The injury was sustained in Harris County. The matter was heard before the Industrial Accident Board. On February 17, 1984, the board awarded no damages to appellee.[2] On February 21, 1984, appellant filed suit in Harris County to request a trial de novo. It stated that "it was not willing and did not consent to abide by the final ruling and award" of the board. Appellee's answer was a general denial and a plea in abatement which alleged that appellant had no basis for appealing the board's decision. The trial court granted appellee's plea.

The sole issue in this case is whether appellant, the insurance carrier, had a right to sue although it had prevailed before the Industrial Accident Board. This case is controlled by Tex.Rev.Civ.Stat.Ann. art. 8307, § 5 (Vernon Supp.1984) which provides in part:

---

1. Though it is not in the record, in both appellant's and appellee's briefs and oral arguments, they stated that appellee filed suit a few days later in Nueces County, the county where appellee resided at the time of the injury and at the time when the suit was filed.

2. In oral argument appellant stated that no damages were awarded because the Board found the injury not compensable.

**196**

Sec. 5. All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the Board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred, or in the county where the employee resided at the time the injury occurred (or, if such employee is deceased, then in the county where the employee resided at the time of his death), to set aside said final ruling and decision, and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided....

■ Appellee argues that the statute does not mandate that the interested party be dissatisfied with the Board award. We do not agree. A legal injury must be sustained before any cause of action in any case arises. *Texas Employers Insurance Association v. Spann,* 632 S.W.2d 906, 908 (Tex.App.—Fort Worth 1982, writ dism'd w.o.j.). In *Spann,* the court was faced with the same problem as in the instant case. The insurance company in *Spann* prevailed at the board level and still filed an appeal. Up to the point of the appeal, the insurance company had prevailed in all respects. The *Spann* court held that: "There can be no appeal from a ruling which gives one party everything it seeks. An appeal of necessity must be based on a clearly legal wrong." The court found that the only loss suffered was to the claimant who had been denied any recovery and upheld the overruling of the appellant-insurance carrier's plea in abatement, as well as a plea of privilege. The court lastly found the filing by the appellant-insurance carrier was an attempt to prevent the filing by the appellee-claimant in the county of his residence.

In the instant case the only damage done was to appellee Shaw who was denied any recovery, as in *Spann.* Appellant had no appeal from the Board's award because it prevailed before the Board. The appeal to the district court was from one who received everything it sought before the Industrial Accident Board. Appellant approached the District Court in Harris County with no clear legal wrong. Therefore, we find the trial court acted properly in granting appellee's plea in abatement.

Accordingly, the order of the trial court is affirmed.

PAUL PRESSLER, J., concurs in the result.