**SECOND INJURY TRUST FUND OF the STATE of Texas and the Industrial Accident Board of the State of Texas, Appellants,**

**v.**

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, et al., Appellees.**

No. 08–86–00016–CV.

Court of Appeals of Texas, El Paso.

Oct. 29, 1986.

Jim Mattox, Atty. Gen., Patrick J. Feeney, Asst. Atty. Gen., Austin, for appellants.

Richard C. Abalos, W. Stacy Trotter, Shafer, Davis, et al., Odessa, for appellees.

Before OSBORN, C.J., and SCHULTE and ARMENDARIZ, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal raises the issue of whether the surviving beneficiary of a deceased workman or the Second Injury Fund of the State of Texas should recover the death benefits where the carrier admitted liability but no "claim for compensation" was filed with the Board. The trial court found for the estate of the deceased and denied recovery to the Second Injury Fund. We affirm.

Juan A. Portillo was killed in an oil field accident in Winkler County·on December 13, 1980. He was not married and had no children. He was survived by his mother, Guadalupe A. Portillo. The employer's First Report of Injury was filed with the Industrial Accident Board on December 29, 1980. On February 9, 1981, the Board filed a notice from the carrier that it had paid to Guadalupe A. Portillo $1,250.00 for funeral expense. That notice said: "The Association accepts liability. Benefits will be initiated upon completion of beneficiary investigation." A form letter also filed that same day said: "The Association accepts liability."

On February 18, 1981, the Board filed a copy of a letter from Texas Employers' Insurance Association to Guadalupe A. Portillo which said:

> Re: 34–80–07174 Juan Portillo v. Zenith Well Service
>
> Dear Mrs. Portillo:
>
> Texas Employers' Insurance Association has accepted liability on the above referenced workers' compensation claim. The Workers' Compensation Fatal Benefits will be initiated to the proper beneficiary or beneficiaries upon completion of the necessary beneficiary investigation.

On March 27, 1981, Texas Employers' Insurance Association wrote to the attorney who represented the deceased's mother requesting a copy of Juan's birth certificate, a copy of the marriage certificate of his parents and a copy of the death certificate of his father. That letter again advised that the Association had accepted liability. A copy of the letter was filed with the Board. On August 7, 1981, the Association again advised the Board that it admitted liability but had not been able to complete the beneficiary investigation. A copy went to the attorney for the mother of the deceased.

On December 15, 1981, the Association wrote to the attorney advising that it had

received a certified copy of the birth certificate of Juan Portillo, a certified copy of the marriage certificate of Mr. Portillo's parents and a certified copy of the death certificate of Mr. Portillo's father. The letter requested that affidavit of beneficiary forms be completed and returned. Mrs. Portillo died on December 16, 1981.

In 1983, there was filed with the Board a copy of the death certificate of Mrs. Portillo along with a copy of her marriage license and the death certificate of her husband and the birth certificate and death certificate of Juan Portillo.

The Board's award on April 11, 1984, recited:

There exists no persons [sic] surviving the deceased who are entitled to compensation for death benefits under the provisions of Article 8306, Section 8a, R.C.S. and the full death benefits of 360 weeks are therefore due The Second Injury Trust Fund of the State of Texas....

The order then directed Texas Employers' Association to pay $133.00 per week for 360 weeks to Second Injury Trust Fund. On appeal to the district court, after hearing evidence, the court awarded the compensation benefits to the Estate of Juan A. Portillo.

The Second Injury Fund presents four points of error in which it contends no claim was ever filed for death benefits and the trial court had no jurisdiction to award benefits to the estate of the deceased workman. It also presents three points of error on the issue of good cause for late filing of a claim.

■ Our determination on the first four points make the last three moot. First, it must be noted that neither the deceased's mother nor any other beneficiary ever filed a claim form, wrote a letter, or otherwise made a claim with the Industrial Accident Board. We hold in this case that it was not necessary. Juan Portillo sustained fatal accidental injuries in the course of his employment for an employer who was a subscriber under the Workers' Compensation Act. Those facts are not in dispute. Since the only remaining issue was to whom the

benefits should be paid, the carrier admitted liability and so advised the Board, the deceased's mother and her attorney. The only issue was as to who qualified as a beneficiary to receive those benefits. The trial court found that the mother survived her deceased son and it denied recovery to the Second Injury Fund. To hold otherwise favors form over substance.

■ At the time of the Board's award, it had on file the employer's first report which stated that the employee was single, had no minor children and that he was survived by his mother. The Board also had on file the marriage license of the deceased workman's parents, the death certificate of the father, and the death certificate of the mother which established that she survived her son for a period of one year. It also had several notices from Texas Employers' Insurance Association that it had admitted liability and was ready to pay the statutory beneficiary. Article 8306, sec. 8a, Tex.Rev.Civ.Stat.Ann., provides for the payment of death benefits to a surviving parent without regard to the question of dependency.

We are cited to those cases which hold that the filing of a claim with the Board is jurisdictional. *Texas Employers Insurance Association v. Spann*, 632 S.W.2d 906 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.); *Texas Employers Ins. Ass'n. v. Patterson*, 231 S.W.2d 898 (Tex.Civ.App.—Amarillo 1950, writ ref'd); and *Stratton v. Gulf Casualty Co.*, 53 S.W.2d 518 (Tex.Civ. App.—El Paso 1932, no writ). But, those are not cases where the accidental injury in the course of employment was undisputed and the carrier admitted liability. In *Texas Employers' Ins. Ass'n. v. Hoehn*, 20 S.W.2d 263 (Tex.Civ.App.—El Paso 1929, no writ), this Court said that in the absence of a claim, the Board had no jurisdiction to rule for or against the carrier. If the filing of a claim is jurisdictional, as the Appellant argues, then the Board's award in favor of the Second Injury Fund is void because the Board had no jurisdiction to enter an award

and the trial court had no jurisdiction except to declare the award void.

The more sensible approach is to hold the acknowledgment of liability gave the Board jurisdiction over this claim and over the carrier. Therefore, the Board had jurisdiction to enter an award. The evidence in the trial court established that the award was erroneous and the trial court ordered the compensation benefits paid to the Estate of Juan Portillo.[1]

Points of Error Nos. One through Four are overruled. Points of Error Nos. Five through Seven are moot and are overruled. The judgment of the trial court is affirmed.

---

1. It would appear that the funds should have been ordered paid to the Estate of Guadalupe A. Portillo. 62 Tex.Jur.2d, Workmen's Compensation, sec. 44 (1965). But no complaint is made about this part of the judgment.