James **BURNS**, Individually and as Next Friend of Eric Burns, a Minor, Plaintiff-Appellee,

v.

**M.A. GLEASON, Jr., et al.,** Defendants-Appellants.

No. 86–4597.

United States Court of Appeals, Fifth Circuit.

June 18, 1987.
Rehearing Denied July 24, 1987.

---

**556**

William F. Bologna, Samuel J. Muldavin, Habans & Bologna, New Orleans, La., for defendants-appellants.

John D. Goodwin, Goodwin & Wilson, Shreveport, La., for plaintiff-appellee.

Before THORNBERRY, REAVLEY, and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

In this diversity action M.A. Gleason, Jr. appeals the denial of post-trial motions after an adverse jury verdict, contending that ownership and display of a wild jaguar is not subject to Louisiana's rule of absolute liability. Finding that the district court, sitting as an *Erie* [1] court, properly applied the prevailing provisions of Louisiana law and correctly declined defendants' invitation to either ignore or overrule rulings by the Louisiana Supreme Court, we affirm.

### Background

On June 23, 1983, nine-year-old Eric Burns, accompanied his teenage sister to Gleason's commercial operation known as Wildlife World Breeding Farm and Zoo, located in Bossier Parish, Louisiana. Young Eric either climbed over or walked through a gate in a cyclone fence encircling a jaguar's cage. The cage itself was composed of cyclone fencing which, because of a dip in the concrete pad, had a six-inch gap at the bottom. As Eric neared the cage, the jaguar somehow reached under the wire, snagged Eric's trousers, pulled his leg into the cage, and began to maul him. An employee of the zoo heard Eric's screams, managed to distract the jaguar, and pulled Eric free.

As a result of the wild animal's attack, Eric sustained tearing and puncture wounds in his leg and foot, resulting in physical and emotional injury and scarring. The trial judge instructed the jury that under Louisiana law the keeper of a wild animal was absolutely liable for any injury caused by that animal. The jury awarded Eric $60,000. Defendants moved for a new trial, j.n.o.v., and remittitur. Defendants appeal the denial of those motions.

### Discussion

This appeal poses a sole question: what is the liability of a keeper of a wild animal which injures the person or property of another? Plaintiff maintains that the rule of absolute liability applies. Defendants urge a lesser standard of either negligence or strict liability.

In diversity cases, sitting as an *Erie* court, the federal court is to apply the substantive law of the forum state. In this case, the substantive law of Louisiana governs. Our quest begins with the Civil Code of Louisiana and the definitive holdings of the Louisiana Supreme Court.

Article 2321 of the Louisiana Civil Code states simply that "the owner of an animal is answerable for the damage he has caused." For over a century, the Louisiana Supreme Court has interpreted this article, in conjunction with other tort liability articles of the Civil Code, by distinguishing between domestic animals and wild animals. That court has stated unequivocally that absolute liability applies to keepers of wild animals, while a lesser standard, negligence or strict liability, applies to those responsible for domestic animals. Abso-

---

1. *Erie R.R. v. Tompkins*, 304 U.S. 64¢G, 58 S.C 817, 82 L.Ed. 1188 (1938).

lute liability is liability without fault. The keeper of a wild animal is absolutely liable for any harm caused by the wild animal. *Vredenburg v. Behan*, 33 La.Ann. 627 (La. 1881) (wild bear); *Briley v. Mitchell*, 238 La. 551, 115 So.2d 851 (1959) (wild deer); *Holland v. Buckley*, 305 So.2d 113 (La. 1974) (domestic dog). *See also Granger v. United States Fidelity & Guaranty Co.*, 266 So.2d 526 (La.App.1972); *Rolen v. Maryland Casualty Co.*, 240 So.2d 42 (La. App.1970), *writ denied*, 256 La. 1149, 241 So.2d 252 (1970).

The issue was very recently addressed in passing by the Louisiana Supreme Court in *Rozell v. Louisiana Animal Breeders Cooperative, Inc.*, 496 So.2d 275 (La.1986), a case involving a domesticated bull. Louisiana's highest court applied the rule of strict liability, "because bulls belong to the class of domesticated animals, and because liability of the owner of such a domesticated animal is strict rather than absolute." 496 So.2d at 277. The court agreed with the relevant discussion by the intermediate appellate court which had stated that "the liability of the owner of a domesticated animal is strict rather than absolute, as it is in the case of wild animals." *Rozell v. Louisiana Animal Breeders Cooperative*, 486 So.2d 968, 971 (La.App.1986).

Based on the holdings of the Louisiana Supreme Court, and the underlying code articles, we are convinced that the district court properly instructed the jury on absolute liability, and correctly ruled on the post-trial motions.

Appellants vigorously contend that the rule of absolute liability for wild animals has been modified for injuries caused by wild animals kept in zoos. They cite in support of their argument *Normand v. City of New Orleans*, 363 So.2d 1220 (La. App. 4th Cir.1978), *writ denied*, 366 So.2d 573 (La.1979), and *Brown v. City of Alexandria*, 225 So.2d 157 (La.App. 3d Cir. 1969).

In *Normand*, a child was bitten by an ape in the Audubon Zoo in New Orleans. Citing *Holland v. Buckley*, which involved a dog, the court simply stated that "the master of the animal is presumed at fault,"

363 So.2d at 1222, and observed that "[t]he fault is in the nature of strict liability," *id.* The court did not cite the precedents of the Louisiana Supreme Court; it either deliberately ignored or overlooked the distinction long drawn between wild and domesticated animals, and it offered neither rationale nor authority for its application of strict liability to a wild animal, an unprecedented application in the annals of Louisiana jurisprudence.

In *Brown v. City of Alexandria* a young boy was bitten by a chimpanzee housed in the city's zoo. The court's writings are of little assistance. The court began by observing that: "The trial court based its opinion primarily on ... article 2321, finding that this creates strict and absolute liability upon the owner and keeper of wild animals," 225 So.2d at 158. There is no discussion about the difference between strict and absolute liability as articulated by the Louisiana Supreme Court nor is there any discussion of the wild animal/domesticated animal distinction, or any reference to the controlling precedents. The mystery is compounded by the fact that the court decided to "pretermit[ ] the issue of whether to apply the doctrine of strict liability to municipalities maintaining wild animals in a City Zoo," because it found the city *negligent, id.* at 159. There is no mention of absolute liability other than in the quoted, confusing language which misstates the prevailing Louisiana rule.

We do not read the *Normand* and *Brown* cases as establishing a new rule for wild animals in zoos. We do not consider these cases as providing an *Erie* court with a sufficient basis for rejecting specific precedents and expressions of the Louisiana Supreme Court, spanning the period 1881 to 1986. We decline defendants' invitation to carve out a zoo exception to the rule that the keeper of a wild animal is absolutely liable for damage caused by that animal. That may be done only by those with authority to modify or revise a ruling by the Louisiana Supreme Court on an issue of Louisiana law, namely that court, or the Louisiana Legislature. A federal

court wearing its *Erie* coiffure appropriately may fill in a gap in state law, but it may neither disregard nor overrule specific holdings by the state's highest court in interpreting the state's substantive law.

. AFFIRMED.