**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**Carl SHELBY, Defendant.**

**No. CA3–87–1572–D.**

United States District Court,
N.D. Texas,
Dallas Division.

Nov. 10, 1987.

E. Thomas Bishop of Strasburger & Price, Dallas, Tex., for plaintiff.

Roger G. Williams of Wilson, Williams & Molberg, Dallas, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

A forum skirmish typically fought in two Texas state courts requires this *Erie* court to determine whether Texas permits an insurer who is completely successful before the Industrial Accident Board ("IAB") to

appeal the IAB's final award. Concluding that Texas does not permit such an appeal, the court grants defendant's motion for summary judgment[1] and dismisses this action for want of subject matter jurisdiction.

## I.

### BACKGROUND

As they pertain to the question presented, the facts are undisputed. Plaintiff, Allstate Insurance Company ("Allstate"), an Illinois corporation with its principal place of business in Illinois, filed this complaint on June 26, 1987 appealing from a final award of the IAB in *favor* of Allstate. Allstate's insured is Sears, Roebuck & Company, also an Illinois citizen. Defendant, Carl Shelby ("Shelby"), a workers' compensation claimant, is a Texas citizen. There is thus complete diversity of citizenship, even under *Hernandez v. Travelers Insurance Co.*, 489 F.2d 721, 723–24 (5th Cir.1974), and *Campbell v. Insurance Co. of North America*, 552 F.2d 604, 605 (5th Cir.1977) (diversity of citizenship lacking when insurer is diverse citizen to claimant but insured employer is not), and this court may, in turn, determine as an *Erie* court whether it possesses subject matter jurisdiction under Texas law.

Allstate filed its appeal within 20 days of the IAB final award, as required by Texas law, TEX.REV.CIV.STAT.ANN. art. 8307, § 5 (Vernon Supp.1987), and seeks to set aside the IAB award. On July 8, 1987, Shelby also appealed from the IAB decision, filing suit in a Texas state court in Van Zandt County, Texas.

Texas workers' compensation law provides that an appeal *de novo* from an IAB award in a non-death, non-occupational disease case may be prosecuted in either of two places: the county where the injury occurred or the county where the employee

---

1. The motion was filed as a Fed.R.Civ.P. 12(b)(6) motion to dismiss. Plaintiff recognized in its response that the motion required the court to consider matters outside the pleading and, treating the motion as a Rule 56 motion for summary judgment, submitted an opposing affidavit. The court thus concludes that all parties have been given a reasonable opportunity to submit any Rule 56 pleadings. *Cf. Fallett v. United States Postal Service*, 644 F.Supp. 625, 626 n. 1 (N.D.Tex.1986) (giving parties 10 days to file additional summary judgment material and arguments after converting Rule 12(b)(6) motion to Rule 56 motion). Moreover, the question presented is one of law that the parties have had ample opportunity to brief.

resided at the time the injury occurred. *Id.* As noted below, where lawyers perceive there to be a tactical advantage to litigating in one forum versus another, there inevitably ensues a race to the courthouse and forum skirmish. The race to the courthouse in the instant case is apparent from the summary judgment record. Don Burt, Allstate's compensation manager in Dallas, testified by affidavit that, at a mandatory pre-hearing conference, Shelby's attorney told the IAB pre-hearing officer that he hoped the officer found against Shelby and rendered a zero award recommendation so that Shelby could appeal the case to Van Zandt County, where Shelby's attorney believed a jury would be good to his client. (Burt Aff. at 1). According to Burt, Shelby's attorney indicated that he had no intention of permitting a take-nothing award issued by the IAB to become final. *Id.* at 1–2. Upon learning this, Burt instructed Allstate's counsel to appeal the IAB ruling to this court. *Id.* at 2. Burt further testified:

> In my years of experience in handling and supervising workers' compensation cases, I have found that choice of forum is sometimes the most important single thing in any lawsuit. Realizing this, and realizing Carl Shelby intended to file suit to set aside the Industrial Accident Board's award in the forum of his choice, Allstate Insurance Company filed suit in this Court, an impartial Federal forum.

*Id.* at 2–3.

Shelby moves for summary judgment in this court on the ground that, as a matter of law, Allstate cannot appeal from a final award of the IAB that denies the claimant all relief sought. Allstate opposes the motion, contending there is a Texas court decision that supports its right to appeal and that article 8307, § 5 [2] provides that "any interested party" can prosecute an appeal from an IAB award.

## II.

### ANALYSIS

■ The court begins its analysis by reviewing the jurisprudential boundaries within which it operates. In a diversity case this court, as an *Erie* court, must decide the question presented according to the substantive law of Texas, *see Burns v. Gleason,* 819 F.2d 555, 556 (5th Cir.1987), which in this case requires the application of Texas law. Further, where, as here, there is no definite decision of the state's highest civil tribunal,[3] the court will look to decisions of the state's intermediate appellate courts. A decision of the Texas court of appeals is controlling on questions of state law absent a strong indication that the Texas supreme court would decide the question differently. *Mott v. Mitsubishi International Corp.,* 636 F.2d 1073, 1074 (5th Cir.1981). A federal district court will not lightly re-examine a state intermediate court's decision on an issue of state law unless there are persuasive indications that the highest court of the state would decide otherwise. *Cormier v. Williams/Sed-*

---

**2.** Article 8307, § 5, provides in pertinent part:
All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the [Industrial Accident] Board. Any interested party who is not willing and does not consent to abide by the final ruling and decision of said Board shall, within twenty (20) days after the rendition of said final ruling and decision by said Board, file with said Board notice that he will not abide by said final ruling and decision. And he shall within twenty (20) days after giving such notice bring suit in the county where the injury occurred, or in the county where the employee resided at the time the injury occurred (or, if such employee is deceased, then in the county where the employee resided at the

time of his death), to set aside said final ruling and decision, and said Board shall proceed no further toward the adjustment of such claim, other than hereinafter provided....

**3.** Where there appears to be no controlling precedent in the decisions of the Texas supreme court, the Fifth Circuit can certify a question of state law to the Texas supreme court, which is "the final arbiter of [the] issue, rather than engage in an *Erie*-type guess." *Lucas v. United States,* 807 F.2d 414, 418 (5th Cir.1986) (certifying question). This option is not now available to a U.S. District Court. *See* TEX. CONST. art. 5, § 3–c (supreme court has jurisdiction to answer questions of state law certified from federal appellate court).

*co/Horn Constructors,* 460 F.Supp. 1010, 1012 (E.D.La.1978).

▇ Two Texas intermediate courts have decided the question presented by the instant summary judgment motion. In 1981, the Fort Worth court of civil appeals,[4] in *United States Fire Insurance Co. v. Bishop,* 613 S.W.2d 52, 54 (Tex.Civ.App.1981, writ ref'd n.r.e.), held that an injured claimant can appeal a favorable IAB decision to state court. In *Bishop,* the claimant's attorney testified that he appealed to state court a favorable IAB award of total and permanent disability after he became aware that the insurer intended to appeal the award. The claimant's attorney appealed the favorable award for a purely tactical reason: because "[c]hoice of forum is sometimes the most important single thing in any lawsuit...." *Id.* at 54. The attorney proved to be correct, for his client obtained the same favorable award from a state court jury. The insurer thereafter appealed on various grounds, one of which challenged the validity of the claimant's appeal of the IAB award. The Fort Worth court affirmed, reasoning that article 8307 provides that "any interested party" may appeal and that the injured claimant desired a total and permanent award and was "simply unwilling to abide by the Board's award which was not a final judgment." *Id.*

4. For a portion of 1981, and at the time *Bishop* was decided, the Texas courts of appeals were courts of *civil* appeals and consisted of three justices.

5. By 1982, the court had been enlarged to six justices and sat in three-judge panels.

6. The writ history of *Spann* appears to be somewhat muddied. Allstate cites the writ as having been dismissed for *want of jurisdiction.* Because such a dismissal is a non-merits disposition, Allstate argues that *Bishop,* an "n.r.e." case, is the better authority. The Houston court of appeals, fourteenth district, in *Lumbermens Mutual Casualty Co. v. Shaw,* 684 S.W.2d 195, 196 (Tex.App.1984, no writ), also so cites *Spann.* However, the Texas Writs of Error Table (17th ed., West Pamp.1987), and the El Paso court of appeals, in *Second Injury Trust Fund v. Texas Employers' Insurance Association,* 719 S.W.2d 655, 657 (Tex.App.1986, no writ), cite the writ as having been refused with the "n.r.e." notation, a merits disposition. If the supreme court in fact

In 1982, however, a panel[5] of the Fort Worth court, in *Texas Employers Insurance Association v. Spann,* 632 S.W.2d 906, 908 (Tex.App.1982, writ dism'd w.o.j.),[6] held that an insurer who has received a favorable award from the IAB cannot appeal the decision to state court. *Spann* involved an IAB award which held that the claimant was not entitled to any compensation. Two days after the IAB rendered its decision, the insurer filed suit in state court in Dallas County, Texas. The insurer did not in its petition request that the IAB award be set aside and held for naught, but it did request a trial *de novo.* Thereafter, the claimant filed suit in state court in Tarrant County, Texas. The insurer filed a plea of privilege (a venue challenge) in the Tarrant County court, requesting that the suit be transferred to Dallas County, the county of the insurer's suit. The insurer also requested that the Tarrant County court abate the claimant's suit because the insurer's suit was first filed. The Tarrant County court overruled both motions and the Fort Worth court of appeals affirmed.

The *Spann* court reasoned that, because the Board's decision was favorable to the insurer, the insurer had suffered no legal injury and, in turn, possessed no cause of action. *Id.* Thus, the carrier "had no appeal from the award of the Industrial Accident Board for the simple reason that it had prevailed before the Board." *Id.*[7] In-

refused the writ "w.o.j.," its disposition is fully consonant with former TEX.REV.CIV.STAT. ANN. art. 1728 (now codified as TEX.GOV'T CODE ANN. § 22.001 (Vernon Pamp.1987)), which prescribes the supreme court's subject matter jurisdiction. *Spann* was an appeal from an order overruling a plea of privilege (a venue challenge no longer in use in Texas). The supreme court, by statute, normally lacked jurisdiction to hear such interlocutory appeals. *See Standard Savings & Loan Association v. Miller,* 114 S.W.2d 1201, 1206 (Tex.Civ.App.1938, no writ).

7. A major premise of *Spann* is that an appeal must be based on a "clearly legal wrong" and, for that reason, one cannot appeal a judgment in which it has prevailed in all respects. 632 S.W.2d at 908. At least one member of the Fort Worth court, however, has seriously questioned the propriety of using appellate concepts in reference to district court suits that seek trial *de novo* of an IAB award. In *Royal Insurance Co.*

explicably, the *Spann* panel did not address its *Bishop* opinion decided one year earlier even though Justice Spurlock, who wrote *Bishop*, was on the *Spann* panel and joined the court's opinion.

A second Texas court, the Houston court of appeals, fourteenth district, addressed the question in 1984 in *Lumbermens Mutual Casualty Co. v. Shaw*, 684 S.W.2d 195, 196 (Tex.App.1984, no writ). Without mentioning *Bishop*, the Houston court expressly followed *Spann* and held that an insurer cannot prosecute an appeal where the insurer has prevailed before the IAB.

As might be expected, Allstate argues that the Fort Worth court's *Bishop* opinion should control this court's disposition of Shelby's summary judgment motion. Allstate points out that *Bishop* was reviewed by the Texas supreme court, which refused the application for writ of error with the notation, "Refused. No Reversible Error." Allstate contends the supreme court thereby rendered a decision on the merits and, without approving or disapproving the language of the Fort Worth court, approved the result. Allstate contends that the Houston court's *Shaw* opinion, in contrast, is a "no writ" case which was not presented to the supreme court for review, and that the appeal of the Fort Worth court's *Spann* opinion was dismissed by the supreme court for want of jurisdiction,[8] which is not a decision on the merits. Allstate also urges this court to follow *Bishop* on the basis of its facts (claimant obtained all relief to which he was entitled and was nevertheless permitted to appeal) and on the basis that *Bishop* is better reasoned than are *Spann* and *Shaw*.

The court concludes that the Texas intermediate courts now reject appeals by parties who are completely successful before the IAB and that the Texas supreme court would not decide the question differently.

The Fort Worth court of appeals, the only intermediate court to decide the question as would Allstate, reached a contrary result one year later, without even mentioning its prior decision. If the Fort Worth court did not feel compelled to follow, or even mention, its prior *Bishop* decision, this court is unwilling to conclude that *Bishop* states present Texas law. Most recently, the Houston court of appeals, fourteenth district, has decided the question adversely to Allstate's position. The Houston court followed the Fort Worth court's *Spann* opinion without mentioning *Bishop*. Accordingly, the latest pronouncements of the two courts that have decided the question require this court to dismiss Allstate's appeal.

The Texas supreme court's refusal of a writ of error in *Bishop* with the notation, "Refused. No Reversible Error," does not require a different result. The "n.r.e." notation does not necessarily connote substantive approval; rather, it means that the supreme court, though not satisfied that the *Bishop* court had in all respects correctly declared the law, was nevertheless of the opinion that there was no error that required reversal. *See* Tex.R.App.P. 133(a).[9] Moreover, neither the Fort Worth nor the Houston court of appeals has given

---

of America v. Szuma, 731 S.W.2d 953, 959 (Tex. App.1987, no writ) (Keltner, J., dissenting), Justice Keltner labeled the term "appeal" a misnomer when used to refer to such *de novo* proceedings. He noted that where suit is brought to set aside a final IAB ruling, the ruling of the IAB is no longer controlling on the parties and "the trial court tries the case as if no determination of the subject matter had ever occurred." *Id.* at 958 (citing cases). Instead, the court tries the case as if the suit had been filed originally in that court. *Id.* at 959, *citing Lone Star Gas Co. v. State*, 137 Tex. 279, 153 S.W.2d 681, 692 (1941). If Justice Keltner's view were adopted by the Fort Worth court, it is arguable that the court would be required to re-examine its reasoning in *Spann*.

8. *But see* discussion at note 6, *supra*.

9. The court observes that, effective January 1, 1988, the supreme court will terminate use of this notation and will instead use the notation "Writ Denied" when the court "is not satisfied that the opinion of the court of appeals in all respects has correctly declared the law, but is of the opinion that the application presents no error of law which requires reversal or which is of such importance to the jurisprudence of the State as to require correction." *See* Tex.R. App.P. 133(a) (effective January 1, 1988), *reprinted in* 736 S.W.2d (Texas Cases Advance Sheet, October 27, 1987) at LII.

talismanic meaning to the supreme court's "n.r.e." notation in *Bishop:* neither court has elected to follow *Bishop* and each has instead reached the opposite conclusion.

Finally, the supreme court itself has recently cast doubt on whether it would decide the question as did the *Bishop* court. In *Washburn v. Associated Indemnity Corp.*, 721 S.W.2d 928 (Tex.App.1986), *writ ref'd n.r.e. per curiam*, 735 S.W.2d 243 (Tex.1987), another case involving a race to the courthouse, 721 S.W.2d at 929, the Dallas court of appeals affirmed a summary judgment granted in favor of an insurer who had appealed a favorable IAB award. The claimant, who filed an appeal subsequent to the insurer, argued that the insurer, by appealing, was estopped from denying the claimant's compensation claim. The court of appeals rejected the estoppel arguments, and the claimant appealed. The supreme court refused the claimant's application for writ of error with the notation, "Refused. No Reversible Error." In an accompanying *per curiam* opinion, however, the court observed:

> However, we expressly note that the questions have not been presented whether the insurance carrier brought a frivolous suit nor whether the statute permits the carrier to appeal from a *favorable* take-nothing ruling of the Industrial Accident Board.

735 S.W.2d at 243. (Emphasis in original).

The supreme court's precaution in circumscribing the precedential effect of an "n.r.e." notation can evidence that it will not, in the appropriate case, decide the question as did the intermediate court. For example, in *State of Texas v. Weller*, 666 S.W.2d 362, 363 (Tex.App.), *writ ref'd n.r.e. per curiam*, 682 S.W.2d 234 (Tex. 1984), the court of appeals limited a person-

al injury award to $100,000 based upon the statutory maximum prescribed in the Texas Tort Claims Act. 666 S.W.2d at 362. Although the statutory damage cap effectively denied plaintiff the recovery of prejudgment interest, the court also denied recovery of such interest in a personal injury action as a matter of law. *Id.* at 363. The Texas supreme court refused the application for writ of error with the "n.r.e." notation. On rehearing, the court issued a *per curiam* opinion in which it emphasized that its disposition of the application "should not be construed as approval of the court of appeal's [sic] additional holding that the award of prejudgment interest in cases of personal injury is never permissible." 682 S.W.2d at 234–35. The court expressly reserved the question for the appropriate case. Less than one year later, in *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549, 551–55 (Tex.1985), the supreme court approved the awarding of prejudgment interest in personal injury actions.

That the supreme court in *Washburn* deemed it necessary to reserve the questions whether an insurer can appeal a favorable IAB award, or whether such a suit is *frivolous*, casts serious doubt upon the precedential value of *Bishop*. Had the supreme court intended to adhere to the holding in *Bishop*, it plainly did not need to issue the *per curiam* opinion in *Washburn*.

Because this court concludes that the Texas intermediate courts do not permit an insurer to appeal a completely favorable IAB award, and because there is no strong showing that the Texas supreme court would hold to the contrary, *see Taylor v. Jim Walter Corp.*, 731 F.2d 266, 267 (5th Cir.1984), the court does not engage in an independent analysis of article 8307, § 5 [10]

---

**10.** Allstate also asks the court to decide the instant motion based upon considerations of public policy and upon the court's own interpretation of article 8307, § 5. Allstate points out that, in 1986, one or both parties to an IAB proceeding appealed the award to state court in 95.58% of the cases decided by the IAB, up from 90.22% in 1985. Allstate argues that IAB proceedings have become "merely a procedural prerequisite to the filing of suit, where the real issues can be determined." Allstate also argues

that this court, like the *Bishop* court, should give the words in article 8307, § 5 their plain and ordinary meaning and should not, like *Spann*, judicially engraft requirements not found in the language of the statute.

Assuming the persuasiveness of these arguments, this court is not free to adopt them. As an *Erie* court, this court must attempt to discern and then faithfully apply the law as would a Texas court. In this case, the court concludes

and grants the claimant's motion for summary judgment. This case is dismissed without prejudice for want of subject matter jurisdiction.

SO ORDERED.

that the Texas supreme court would decline to adopt Allstate's arguments.