The TRAVELERS INDEMNITY
COMPANY OF RHODE
ISLAND, Appellant,

v.

Gloria A. MONTELONGO, Surviving
Spouse of Juan Montelongo,
Deceased, Appellee.

No. 13–89–191–CV.

Court of Appeals of Texas,
Corpus Christi.

Feb. 21, 1990.

Rehearing Overruled March 8, 1990.

Frank E. Weathered, Law Office of David J. Dunn, Corpus Christi, for appellant.

Terry E. Baiamonte, Edwards & Terry, William A. Dudley, David Perry & Associates, Corpus Christi, for appellee.

Before SEERDEN, UTTER and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

The issue before us is whether an insurance carrier may appeal a completely favorable ruling from the Industrial Accident Board (IAB) under Tex.Rev.Civ.Stat.Ann. art. 8307 § 5 (Vernon Pamph.1990). After the IAB denied the claimant, Mrs. Montelongo, any recovery on her claim for benefits arising out of the death of her husband, both she and the carrier, Travelers Indemnity Company of Rhode Island, appealed. The day after the IAB ruling, the carrier filed this suit in Refugio County, where the incident in which the worker was killed occurred. Twenty minutes later, the claimant filed suit in Duval County, where the worker resided at the time of his death. The claimant moved to dismiss the carrier's suit and the trial court, finding it lacked subject matter jurisdiction, granted the claimant's motion. By two points of error, the carrier claims the dismissal was error. We affirm the trial court's judgment.

Appellant's first point asserts that since it is undisputed that it, an interested party, filed suit in a county with proper venue before the claimant filed suit, the dismissal was error. The carrier admits that it received all relief it sought from the IAB. It also admits that it filed suit solely to establish favorable venue in anticipation of the claimant's suit. The carrier further concedes that *Allstate Insurance Co. v. Shelby*, 672 F.Supp. 956, 961 (N.D.Tex.1987); *Lumbermens Mutual Casualty Co. v. Shaw*, 684 S.W.2d 195, 196 (Tex.App.—Houston [14th Dist.] 1984, no writ), and *Texas Employers Insurance Association v. Spann*, 632 S.W.2d 906, 908 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.) hold that when a carrier totally prevails before the IAB, as it did in this case, it has not sustained any legal wrong which can possibly give it a right of appeal from the IAB award. The carrier argues that the reasoning in *Shelby, Shaw,* and *Spann* is flawed because the "appeal" from the IAB award is not a true appeal, since the filing of the suit vacates the IAB ruling.

It is true that, for jurisdiction purposes, an action to set aside an IAB award is an original lawsuit and not a true appeal. *Booth v. Texas Employers' Insurance Association*, 132 Tex. 237, 123 S.W.2d 322, 328 (Tex.Comm'n App.1938, opinion adopted); *Home Indemnity Co. v. Lopez*, 724 S.W.2d 855, 856 (Tex.App.—El Paso 1986, no writ). Nevertheless, subject-matter jurisdiction to set aside an IAB award was granted by the legislature. Tex.Rev. Civ.Stat.Ann. art. 8307 § 5; *see Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084, 1088 (Tex.1926). Jurisdiction is not presumed when it is purely a creature of statute. *Carter v. Dean*, 660 S.W.2d 866, 867 (Tex. App.—Austin 1983, no writ). When a cause of action and the remedy for its

**438**

enforcement are derived not from the common law but from a statute, the statutory provisions are mandatory and exclusive, and a party must comply in all respects to maintain an action. *Mingus,* 285 S.W. at 1087.

■ We agree with the claimant that article 8307 § 5 limits the right to bring suit to "[a]ny interested party *who is not willing and does not consent to abide by the final ruling and decision of said Board....*" (emphasis added). Thus, we believe the Legislature intended to give the right to appeal or set aside an IAB ruling only to a party who did not totally prevail. This is consistent with the principle that a legal injury must be sustained before any cause of action arises. *See Shaw,* 684 S.W.2d at 196; *Spann,* 632 S.W.2d at 908.

The carrier's petition recites that it is not willing to abide by the IAB order. It claims that its filing of the petition vacated the IAB ruling. However, it overlooks the fact that it is not recitals (magic words) in a petition but rather the district court's acquisition of jurisdiction that vacates the ruling. *See Zurich General Accident & Liability Insurance Co. v. Rodgers,* 128 Tex. 313, 97 S.W.2d 674, 676–77 (Tex.1936); *Sanchez v. Liberty Mutual Insurance Co.,* 570 S.W.2d 44, 46 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.). As stated in *Thomas v. Whaley,* 561 S.W.2d 526, 529 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.):

> Jurisdiction, as the duty and power of the court to act, however, does not depend on the petition that states the cause of action. The duty and power to act is that conferred upon the court by the Texas Constitution and the statutory enactments thereunder. The gravamen of jurisdiction lies not in the pleading but in the existence of the facts necessary for the court to exercise its jurisdiction.

■ Generally, a court's acquisition of subject-matter jurisdiction over a case depends on the facts at the time the suit is instituted. *Gulf, Texas & Western Railway Co. v. Lunn,* 141 S.W. 538, 540 (Tex. Civ.App.—Texarkana 1911), *aff'd,* 106 Tex. 511, 171 S.W. 1121 (Tex.1914); 16 Tex.

Jur.3d *Courts* § 34 (1981); *see Philips v. Giles,* 620 S.W.2d 750, 751 (Tex.Civ.App.— Dallas 1981, no writ) (cause of action had not accrued because harm only anticipated). Thus, the fact that the claimant later filed her "appeal" is not relevant to whether the carrier could invoke jurisdiction by its filing. At the time the carrier filed its petition, the totally favorable IAB ruling was in force.

Appellant relies on *United States Fire Insurance Co. v. Bishop,* 613 S.W.2d 52, 54 (Tex.App.—Fort Worth 1981, writ ref'd n.r. e.), claiming that the result in that case supports its position. While there may be factors distinguishing *Bishop,* the reasoning in *Bishop* seems inconsistent with *Shelby, Shaw,* and *Spann.* We believe that *Shelby, Shaw,* and *Spann* are sound and application of those principles is appropriate. Thus, we decline to follow *Bishop.*

Under point two, the carrier argues that article 8307 § 5 is unconstitutional as applied, violating the "equal protection" clauses of the U.S. and Texas Constitutions and the "open courts" clause of the Texas Constitution. Since we decline to follow *Bishop,* there is no inconsistency in the application of the statute. We overrule points one and two.

We AFFIRM the trial court's judgment.

UTTER, J., not participating.