**Ex parte Reginald M. ROGERS, Relator.**

**No. 13–91–583–CV.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 27, 1991.

Michael P. O'Reilly, Corpus Christi, for relator.

Tod L. Adamson, Asst. Atty. Gen., Child Support Enforcement, Austin, Tonya Morse, Asst. Atty. Gen., Child Support Enforcement, Victoria, for interested party.

Before BISSETT, J.,[1] NYE, C.J., and HINOJOSA, J.

## OPINION

BISSETT, Assigned Justice.

Reginald Rogers, relator, filed a motion for leave to file a petition for writ of habeas corpus seeking relief from a contempt and commitment order in a child support matter. We granted relator leave to file his petition and ordered him released on bond pending resolution of the matter on the merits. By seven points of error, he contends in his brief supporting his petition that his confinement was illegal and under a void order. We grant the writ and order the relator discharged.

The relator's October 1980 divorce decree required him to pay child support of $166 per month per child for three children (totalling $498 per month). On January 22, 1991, the trial court signed an Order Enforcing Child Support Obligation, specifically finding four instances of nonpayment of $498 each, holding relator in contempt, and requiring that he serve 180 days in jail "and thereafter until he has paid" arrears of $9,126 and court costs of $31.

By point four, relator complains that the motion for enforcement alleges violations and seeks contempt for the payment of child support more than six months after the date on which the child support obligation ended, in violation of Tex.Fam.Code Ann. § 14.40(b)(2) (Vernon 1986).[2] By point five, relator claims that the Order Enforcing Child Support Obligation is fatal-

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1989).

2. Tex.Fam.Code Ann. § 14.40(b) (Vernon 1986) provides:
   (b) Time Limitations. The court retains jurisdiction to enter a contempt order if a motion

for contempt for failure to comply with a court's child support order is filed within six months after:
   (1) the child becomes an adult; or
   (2) the date on which the child support obligation terminates pursuant to the decree or order or by operation of law.

ly defective in finding violations for all three children, after the court lost jurisdiction to enforce payment for two of them. He maintains that that section is jurisdictional and cannot be waived, and that the inclusion of punishment for monies owed for two children over which the court no longer had jurisdiction renders the order wholly unenforceable.

The Motion for Enforcement, filed in January 1991, names three children, Michael, born January 12, 1967, Tina, born October 1, 1969, and Reginald, born June 19, 1977. Michael and Tina had been eighteen for more than six months when the Motion for Enforcement was filed. The motion complains of failure to pay support as follows:

1) Support accrued since last court order: $42,828
2) Paid since last court order: $34,200
3) Arrearage since last order: $ 8,628
4) Arrearage found in last court order: $ 0
5) Aggregate arrears as of Nov. 9, 1990: $ 8,628

Although the Order Enforcing Child Support Obligation lists only Reginald, the amount includes arrearage for all three children:

Michael, 10–16–80 until 1–12–85 =
51 months × $166 per month = $ 8,466

Tina, 10–16–80 until 10–1–87 =
84 months at $166 per month = $13,778

Reginald, 10–16–80 until 1–16–91 =
123 months at $166 per month = $20,418
_____
Total obligation for all three = $42,828

Adding three payments of $166 accruing between November 9, 1990, and the date of the hearing, the order finds arrears of $9,126.

The four specific instances of nonpayment listed in the enforcement order's contempt findings are January through April, 1984, in amounts of $498 due each time. The State argued that the listing of the total obligation of $498 for each instance was only to conform with specificity requirements under Tex.Fam.Code Ann. § 14.33(a) (Vernon Supp.1991), see Ex parte Holland, 790 S.W.2d 568 (Tex.1990); Ex parte Reynolds, 776 S.W.2d 757, 758 (Tex.App.—Corpus Christi 1989, orig. proceeding), but that the enforcement did not include amounts for the two children over whom the court had lost jurisdiction. The State argues that we should presume the amount of $9,126 could represent 55 months (4 years and 7 months) of nonpayment for the youngest child, Reginald; that appellant can be held responsible for the payment of $9,126 because he agreed to the amount, and that any superfluous invalid allegations in the motion do not void the court's order. We do not agree.

■ This is not a question of evidence but of subject-matter jurisdiction. Jurisdiction is not presumed when it is purely a creature of statute. Travelers Indem. Co. v. Montelongo, 785 S.W.2d 436, 437 (Tex. App.—Corpus Christi 1990, writ denied); Carter v. Dean, 660 S.W.2d 866, 867 (Tex. App.—Austin 1983, no writ). When a cause of action and the remedy for its enforcement are derived not from the common law but from a statute, the statutory provisions are mandatory and exclusive, and a party must comply with the statutory provisions in all respects to maintain an action. Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, 1088 (1926); Travelers Indem. Co., 785 S.W.2d at 437–38.

■ Subject-matter jurisdiction in both criminal and civil matters is fundamental, cannot be waived, and can be raised at any time. Lopez v. State, 756 S.W.2d 49, 50–51 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd); see Qwest Microwave, Inc. v. Bedard, 756 S.W.2d 426, 434 (Tex.App.—Dallas 1988, orig. proceeding). Nor can jurisdiction be conferred by agreement. See Sweeney v. Sweeney, 668 S.W.2d 909, 911 (Tex.App.—Houston [14th Dist.] 1984, no writ).

■ A judgment of contempt without support in the evidence is void and may be attacked and set aside even in a collateral proceeding. Ex parte Davila, 718 S.W.2d 281, 282 (Tex.1986). In a habeas corpus

**38**

action, the guilt or innocence of the relator is not in issue. We are concerned only with the legality of relator's detention. *Ex parte Haskin*, 801 S.W.2d 12, 13 (Tex. App.—Corpus Christi 1990, orig. proceeding). We may order a party released when a judgment or order is void for lack of jurisdiction or because the party was deprived of liberty without due process of law. *Haskin*, 801 S.W.2d at 13.

The motion, evidence, and resulting order are consistent when read that appellant is being held in contempt partly for the amounts owed for the children over which the court had lost jurisdiction. The record shows no other theory presented to the trial court, nor is there evidence to show that the alleged missing payments of $9,126 specifically are for Reginald, the child over whom the court still had jurisdiction. On its face, the contempt order includes amounts for all three children. We have looked behind the document, so much as the record allows, and find no evidence supporting another interpretation.

The legislature has instituted a strict scheme requiring the State to specify which exact payments it is suing for. *See Ex parte Tamez*, 801 S.W.2d 18, 19 (Tex. App.—Corpus Christi 1990, orig. proceeding). Because it is a contempt matter, we decline to circumvent that scheme on the facts presented here, or to presume jurisdiction when the face of the record indicates otherwise. Since the record does not show when the payments totalling $34,200 were made, we cannot tell if the alleged arrears are all due on Reginald's behalf; to believe the pleadings and findings, we must conclude that part of that is money for the other two children.

■■■ If one punishment is assessed for multiple acts of contempt, and one of those acts is not punishable by contempt, the entire judgment is void. *Ex parte Jordan*, 787 S.W.2d 367, 368 (Tex.1990); *Ex parte Davila*, 718 S.W.2d 281, 282 (Tex.1986); *Ex parte Thompson*, 803 S.W.2d 876, 877–78 (Tex.App.—Corpus Christi 1991, orig. proceeding). By lumping together enforceable and unenforceable obligations and assessing one penalty, the whole judgment was tainted and is void. We sustain points four and five.

Since we have discussed the dispositive points, we decline to address relator's remaining points. We grant relator's application for writ of habeas corpus and release him from the bond previously ordered.