**ROYAL INSURANCE COMPANY OF AMERICA, Appellant,**

v.

**Anthony SZUMA, Appellee.**

**No. 2–86–066–CV.**

Court of Appeals of Texas, Fort Worth.

June 3, 1987.

Rehearing Denied July 15, 1987.

Camp, Jones, O'Neill, Hall & Bates and James W. Watson, Fort Worth, for appellant.

Banner, McIntosh & Dobbs, and Jack Banner, Wichita Falls, for appellee.

Before JOE SPURLOCK, II and FARRIS, JJ.

## OPINION

FARRIS, Justice.

This is an appeal of a worker's compensation case in which the insurance carrier complains in two points of error of the trial court's refusal to realign the parties.

We affirm the judgment of the trial court.

The appellant carrier brought suit to set aside a final award of the Industrial Accident Board in a claim for worker's compensation benefits filed by the appellee. The appellee answered and cross acted alleging that the appellant had paid him 23⅗ weeks of compensation at a rate of $189.00 per week and seeking an additional $189.00 per week for 376 weeks.

Appellant moved the court for a realignment of parties to show the appellee as plaintiff and the appellant as defendant. The appellant's motion for realignment was denied. Appellant, in its first point of error, complains that the trial court's denial of its motion for realignment of parties, was error which resulted in a "prejudicially misleading designation of the parties." In its second point of error, appellant complains that the trial court erred in denying a motion for mistrial because a note from the jury demonstrated the prejudicial effect of the court's refusal to realign the parties.

Either a claimant or insurer may bring suit to set aside a final ruling and decision of the Industrial Accident Board, and in either event, the court shall determine the issues upon trial de novo with the burden of proof upon the claimant. TEX.REV. CIV.STAT.ANN. art. 8307, sec. 5 (Vernon Supp.1987).

Appellant contends that the failure of the trial court to realign parties and name the appellee as plaintiff confused the jury resulting in harm to appellant. In support of its argument, appellant makes reference to statements by appellee's attorney on voir dire, in opening statement, and in opening and closing argument in which appellee's attorney comments upon the fact that the appellant insurance company was suing the appellee. Appellant made not one objection to any of the referenced statements of appellee's attorney. Appellant also points to a note from the jury as evidence of injury resulting from the trial court's refusal to realign the parties. During deliveration, the jury sent the following note to the court:

Why is the Insurance Company sueing [sic] Tony?

Is it because Tony wants more money and they don't pay unless he is totally disabled?

The court responded to the jury's note as follows:

You are instructed that the Court is not permitted under the law to answer this question. You are not asked a jury question concerning this matter, therefore you should not consider or deliberate on same.

Appellant moved for mistrial arguing that the jury's note to the court indicated that the failure to realign the parties had resulted in confusing the jury.

No complaint is made that the trial court misplaced the burden of proof.

The issue before us is not unique. In 1949, the Amarillo Court of Appeals held that it was not error for the trial court to refuse to realign the parties upon the motion of an insurance carrier in a suit brought by the carrier to set aside an award of the Board. *Texas Employers' Ins. Ass'n v. Brown*, 226 S.W.2d 233, 235 (Tex.Civ.App.—Amarillo 1949, writ ref'd n.r.e.). *Texas Employers' Ins. Ass'n v. Brown* was a worker's compensation case brought by the carrier to set aside an award of the Board. The trial court denied a motion of the carrier to realign the parties. In its opinion affirming the trial court, the Court of Appeals discussed in detail the statutory authority before a suit to set aside a Board award. In summarizing its discussion of the statutory authority, article 8307, section 5, the *Brown* court stated:

> Under the method of appeal thus prescribed by the Legislature, the party appealing from an award of the Board necessarily appears upon the docket of the trial court as plaintiff. Since the appellant and the trial court followed the procedure prescribed by law, it can not be said that the court erred in maintaining that which the law provides shall be done.

*Brown*, 226 S.W.2d at 235.

In affirming the trial court, we follow the holding in *Texas Employers' Ins. Ass'n v. Brown*. The law of worker's compensation deals with a cause of action which is wholly statutory, and in the area of statutory construction, the doctrine of stare decisis has its greatest force. *See Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863, 866 (Tex.1975); *Marmon v. Mustang Aviation, Inc.*, 430 S.W.2d 182, 186 (Tex.1968). The *Brown* decision was handed down more than 37 years ago, and since that time the legislature has made no change, relevant to the issue before us, in its statutory directives regarding the manner of parties bringing suit to set aside an award of the Board. We must assume that the legislature, through its inaction, has indicated its approval of the rule announced in *Brown*. *See Coastal Industrial v. Trinity Portland*, 563 S.W.2d 916, 918 (Tex.1978); *Allen*, 525 S.W.2d at 866.

As we previously noted, appellant did not object to references by appellee's attorney on voir dire, in opening statement and in argument, that appellant had brought suit against appellee. It was within the trial court's discretion to restrict the attorney for appellee in this regard. *See Mandril v. Kasishke*, 620 S.W.2d 238, 247 (Tex.Civ. App.—Amarillo 1981, writ ref'd n.r.e.) (argument); *Texas Employers Ins. Ass'n v. Loesch*, 538 S.W.2d 435, 440 (Tex.Civ.App. —Waco 1976, writ ref'd n.r.e.) (voir dire); *Ranger Ins. Co. v. Rogers*, 530 S.W.2d 162, 170 (Tex.Civ.App.—Austin 1975, writ ref'd n.r.e.) (opening statement). Appellant has not preserved his complaints for our consideration because he did not timely object to the statements of appellee's attorney which are the basis of appellant's complaint. Further, we are not impressed with the inferences appellant would have us draw with regard to the jury note. Had the court realigned the parties consistent with appellant's request, the jury's question might have been phrased:

> Why is Tony suing the insurance company? Is it because Tony wants more money and they don't pay unless he is totally disabled?

Appellant's two points of error are overruled.

The judgment of the trial court is affirmed.

KELTNER, J., dissents.

KELTNER, Justice, dissenting.

I respectfully dissent.

There are two issues before the court. First, whether the trial court erred in fail-

ing to realign the parties in a suit in which the insurance carrier appealed the Industrial Accident Board's award. Second, whether the trial court erred in failing to grant the insurance carrier's motion for mistrial, once it was apparent the jury was confused as to who was suing whom and why.

Anthony Szuma (Szuma) filed a claim with the Industrial Accident Board (I.A.B.) against Royal Insurance Company of America (Royal) claiming compensation under the Texas Worker's Compensation Act. The I.A.B. rendered its final award and Royal timely gave notice to the I.A.B. that it did not consent to and would not abide by the Board's final award. Thereafter, Royal filed suit in Wichita County within the statutory twenty-day period seeking to set aside the Board award. Szuma answered the suit and filed a cross action seeking total and permanent benefits under the policy.

Royal then filed a motion for realignment of parties, seeking to have Szuma "shown as plaintiff" and Royal "shown as defendant" so as to "avoid confusion with the Jury concerning the burden of proof and the true position of the parties." Szuma contested the motion for realignment claiming, among other things, that Royal had not demonstrated how the jury would become confused. Szuma also asked that in the event that Royal's motion to realign was granted, that Szuma be allowed to inform the jury panel that the I.A.B. granted him a certain award and that Royal appealed. Szuma also asked for a peremptory challenge for each employer or person in a managerial capacity sitting on the jury panel, in the event Royal's motion to realign was granted.

The court denied Royal's motion to realign. Immediately before trial, Royal once again reurged its motion. Once again it was denied.

The real harm in this case is indicated by the argument of counsel and the obvious confusion of the jury. During the voir dire examination of the jury, Szuma's counsel made the following statements:

This suit is brought by Royal Insurance Company of America against Tony Szuma.

. . . .

They have filed this suit against Tony Szuma contending he's not entitled to benefits, and we contend and we believe that we can prove and demonstrate to you that he is. . . .

. . . .

May I ask you is there anything in that particular experience which would influence your service on this jury about the suit that Royal Insurance Company has filed against Tony Szuma?

. . . .

I think that the facts will also show that the Royal Insurance of America paid him benefits as provided by their policy for twenty-two weeks at $189.00 a week and then cut him off and haven't paid him anything further, and that they have brought this suit to contend that he is not to receive anything further.

. . . .

Could you be fair to a person like my client that's sitting there, with the problems he's had, and been sued by the Royal Insurance Company of America?

. . . .

And you understand that we are here looking for justice. Royal Insurance Company of America has sued this man claiming they shouldn't pay him any more benefits.

. . . .

Ladies and gentlemen of the jury panel, the key issue in this case, the reason that Royal Insurance Company of America has sued Tony Szuma, is the contention of total disability.

In opening argument, Szuma's counsel made the following arguments:

They have the opportunity then to tell you why they filed suit against Tony Szuma and bring you their side of the case.

. . . .

Now, they have the burden of proof to prove what they claim in the case.

In final argument, Szuma's counsel continued:

The first thing I'd like to do is to thank each one of you for taking the time from your jobs and everyday activities to serve on this jury, to afford Anthony Szuma twelve citizens of this county to hear the facts of the case that has been brought against him by the Royal Insurance Company of America.

. . . .

And how about this lawsuit that they filed against Tony Szuma in which they say they don't want to pay anything and that all costs of court be taxed against Tony Szuma? Yes, they're surely being fair. They bring a lawsuit against him saying they don't have to pay another dime. And not only say that, but say, "We want you, Tony Szuma, to have to pay all the costs of this lawsuit."

. . . .

But can this man—this man that is sitting here in Court because the Royal Insurance Company sued him that they shouldn't have to pay him a dime plus get all costs of this action back from this man, can he go out and keep work doing the ordinary and usual tasks of a worker? That's what this lawsuit is about.

. . . .

Are we going to live up to that policy of insurance? Or are you going to let them out? Are you going to let them just file a suit against some worker that's hurt and come in here and say, "We don't want to pay you any more. Not only that, but you pay all costs of court, fees and expenses?" Is that what we have sunk to, and call it justice?

. . . .

When you have arrived at your verdict in this case, you, as judges of the facts, have decided what this man will get, whether he gets the benefits that were promised or whether he has to pay court costs, expense and fees in a suit that he did not bring and did not seek.[1]

After the arguments, the court submitted a charge to the jury. Unlike most worker's compensation cases, the jury was not asked whether Szuma was injured in the course and scope of his employment, or whether the injury was the producing cause of a period of total disability. Royal admitted that an injury occurred and that the injury did cause some periods of total disability. Instead, the jury was asked in the first issue to find the beginning date of total disability and the duration of the total disability. In the second issue, the jury was asked to find whether the injury was a producing cause of any partial disability, the beginning date of the partial disability, and the duration of partial disability. Unfortunately, our transcript does not contain all of the court's charge.[2] From the portions of the charge that are in the record, it is obvious that the term, "preponderance of the evidence," was defined in the usual manner. The jury was instructed to answer all questions from a preponderance of the evidence. While the charge properly placed the burden of proof, it would not be obvious to the jury which party had the burden of proof on the issues. Royal makes no complaint about the court's charge on this appeal and did not object to the court's charge in the trial below.[3]

It is obvious that the jury was confused as to the proper role of the parties to the lawsuit. This confusion is evidenced by the

---

1. The majority holds that Royal did not preserve error because it did not object to arguments of counsel in voir dire, opening statement and closing argument. At the outset, Royal does not claim that the statements itemized in the text are error. Instead, Royal argues that the trial court's failure to realign the parties cleared the path and made such arguments permissible. The cases cited by the majority are not on point. Each of those cases deals with the scope of voir dire, opening statement or final argument and do not deal with Royal's substantive law arguments.

2. Evidently, page one of the charge is missing.

3. In fact, the court's charge closely resembled the proposed charge submitted by Royal.

note from the jury, twenty-one minutes after the jury retired to deliberate. The note stated:

> Why is the Insurance Company sueing [sic] Tony?
>
> Is it because Tony wants more money and they don't pay unless he is totally disabled?
>
> s/ Jerry Voyles

The judge responded to the note in this manner:

> LADIES AND GENTLEMEN OF THE JURY:
>
> I have received your note reading as follows:
>
>> "Why is the Insurance Company suing Tony? Is it because Tony wants more money and they don't pay unless he is totally disabled?
>>
>> Jerry Voyles"
>
> You are instructed that the Court is not permitted under the law to answer this question. You are not asked a jury question concerning this matter, therefore you should not consider or deliberate on same.
>
> s/ Arthur Tipps,
> JUDGE PRESIDING

Before the judge responded to the jury's note, Royal moved for a mistrial:

> We requested on numerous occasions before the trial of the case and at the beginning of the trial of the case that the case be realigned to show the proper position of the parties. The note of the jury indicates that this failure to realign has caused irreparable harm, and the only way to cure the harm now is by mistrial and realigning the parties.

The judge overruled this motion and the jury returned its verdict within minutes of the judge's instruction being delivered to the jury.

The majority disposes of all of Royal's complaints by relying on the 1949 case of *Texas Employers' Ins. Ass'n v. Brown,* 226 S.W.2d 233 (Tex.Civ.App.—Amarillo 1949,

writ ref'd n.r.e.). I believe the majority's reliance on *Brown* is misplaced.

At the outset, there is no doubt that *Brown* stands for the proposition cited in the majority opinion. However, my research indicates that *Brown* is the only case to deal with the area of realignment of parties in worker's compensation cases since the adoption of the act in 1917. While *Brown* has not been overruled by the Supreme Court or criticized in other Courts of Appeals decisions, it has also not been cited as authority for the proposition in this case. Quite simply, the wisdom of the rule announced in *Brown* has not been questioned because of the widespread practice of routinely granting worker compensation carriers motions to realign the parties so as not to confuse the jury as to which party is seeking benefits.[4]

The Texas worker's compensation law provides the practice for setting aside a final ruling of the I.A.B. TEX.REV.CIV. STAT.ANN. art. 8307 (Vernon Supp.1987). Section 5 of article 8307 states:

> If the final order of the Board is against the Association, then the Association and not the employer shall bring suit to set aside said final ruling and decision of the Board, if it so desires, *and the court shall in either event determine the issues in such cause, instead of the Board, upon trial de novo, and the burden of proof shall be upon the party claiming compensation.*

*Id.* (emphasis added).

In other words, if a suit is brought to set aside the final ruling of the I.A.B., the I.A.B. loses jurisdiction over the worker's compensation case. In that event, the ruling of the I.A.B. is no longer controlling on the parties. Instead, the trial court tries the case as if no determination of the subject matter had ever occurred. *Booth v. Texas Employers' Ins. Ass'n,* 132 Tex. 237, 123 S.W.2d 322, 328 (Tex.Comm'n App. 1938, opinion adopted); *Home Indem. Co. v. Lopez,* 724 S.W.2d 855, 856 (Tex.App.— El Paso 1986, no writ).

---

4. See the local rules for Dallas and Collin Counties.

It is significant that the term "trial de novo" is used in section 5. Our Supreme Court has defined the term "trial de novo." *Lone Star Gas Co. v. State*, 137 Tex. 279, 153 S.W.2d 681, 692 (1941). In *Lone Star Gas*, the court stated, "Power to try a case de novo vests a court with full power to determine the issues and rights of all parties involved, and to try the case as if the suit had been filed originally in that court." *Id.* 153 S.W.2d at 692.

Szuma argues that the party who appeals a worker's compensation award is necessarily designated as plaintiff. Szuma further contends that thereafter there should be no change in the designation of the parties because fairness dictates that the party dissatisfied should be designated as plaintiff. In my opinion, this is not an accurate reading of the Texas worker's compensation statutes.

For many years, lawyers in this state have referred to worker's compensation pleadings in the district courts as an "appeal" from the I.A.B. award. This is clearly a misnomer. The issue of whether a proceeding in the district court was an "appeal" or really a "trial de novo" was settled by the Supreme Court in 1936. *Zurich General Accident & Liability Ins. Co. v. Rodgers*, 128 Tex. 313, 97 S.W.2d 674, 686 (1936).

In *Rodgers*, the claimant brought suit to set aside an I.A.B. award. The insurance carrier filed an answer and sometime later, Rodgers took a non-suit. The suit was dismissed and judgment entered that Rodgers take nothing by his suit. Thereafter, Rodgers filed another suit in district court against the carrier to mature the original award made by the I.A.B., for a 12% penalty and attorneys' fees. Essentially, Rodgers' suit in the second case was to mature the I.A.B. award. The trial court agreed with Rodgers' position and granted him judgment for the entire I.A.B. award, a 12% statutory penalty, and attorneys' fees. The Court of Appeals affirmed.

However, the Supreme Court reversed holding:

> When such court acquires jurisdiction of the cause and the parties, the burden of obtaining judgment for compensation in the court where the case is pending rests upon the claimant. The award of the Industrial Accident Board is vacated and is no longer in force. [Citations omitted.]

*Rodgers*, 97 S.W.2d at 676.

In that case, the Supreme Court went on to state the proper role of the parties when there is an appeal from the Industrial Accident Board. The Supreme Court stated:

> The rule has long obtained in this state that where cases are brought up from inferior courts they shall be tried de novo. *This means that the parties occupy the same position in the court appealed to that they occupied in the court where the suit was originally filed.* When the court appealed to acquires jurisdiction of the cause and the parties, the judgment of the lower court is vacated. [Citations omitted.]

*Id.* at 676 (emphasis added).

When applying these authorities to the instant case, it is obvious that the parties should be realigned. A trial de novo is not an appeal. Instead, it is a completely new trial wherein the parties occupy the same position that they occupied at the I.A.B. I would sustain Royal's first point of error, holding that the trial court erred in failing to realign the parties. In a case in which only one party seeks affirmative relief and is given the right to open and close, that party should be designated as "Plaintiff."

I would also sustain Royal's second point of error holding that the trial court erred in failing to grant a mistrial, once the jury's confusion became obvious. Szuma correctly argues that the jury may not have been confused by the trial court's designation of the parties. Obviously, we cannot know what was in the jury's mind other than the note that was delivered to the trial judge. However, it is obvious that some confusion did exist.

Furthermore, Szuma contends that the facts in this case clearly indicate that he

would have recovered regardless of the alignment of the parties. A review of the facts indicates that Szuma presented a very good case with evidence that supported his allegations. However, Royal also put on evidence, which, if believed, would have justified a lower judgment. Given the totality of the circumstances, it is likely that prejudice did result from the error of the trial court in failing to realign the parties.

Therefore, I would reverse and remand for a new trial, ordering the trial court to realign the parties.