**William J. AMIS, Jr., Relator,**

v.

**Glen M. ASHWORTH, Sitting as Judge of the 7th Judicial District Court, Smith County, Texas, Respondent.**

**No. 12–90–00183–CV.**

Court of Appeals of Texas, Tyler.

Dec. 31, 1990.

J.W. Tyner, Tyler, David Stagner, Sherman, Keith Dollahite, Tyler, for relator.

Jack Skeen, Tyler, Richard Berger, Dallas, Jack Flock, Tyler, Ted Lyon, Jr., Mesquite, for respondent.

COLLEY, Justice.

In this original proceeding, Relator W.J. Amis, Jr. ("Amis Jr." or "Relator"), petitions this Court for a writ of mandamus to compel the Respondent, Honorable Glen M. Ashworth, District Judge, to vacate his order of June 15, 1990, realigning the parties in trial court cause number 88–2271–A. Said cause is pending on the docket of the 7th Judicial District Court of Smith County, Texas, and is styled William J. Amis, Jr., et al. vs. David Brown, et al. We conditionally grant Relator's petition.

The record[1] before us reveals that on November 4, 1988, Relator filed his "Plaintiff's Original Petition" in the 7th District Court. Relator alleged therein that David H. Brown physically assaulted him on October 29, 1988, by intentionally "hitting him with his hands and kicking him in the groin or stomach with his knee...." By that petition, Relator sought damages for bodily injuries sustained in the altercation. Relator also alleged that he "suffered ... mental anguish ..." by reason of Brown's conduct and that he was entitled, therefore, to recover exemplary damages because of the assault.

The record shows that on December 22, 1988, David H. Brown filed his own "Plaintiff's Original Petition" in the 114th Judicial District Court, Smith County, Texas, in cause number 88–2544–B, based on the same altercation. Brown alleged that on such date, Relator "intentionally shot" him multiple times "without provocation." Brown also alleged that such assault by Relator proximately caused him "severe bodily injury" and disability. Brown sought the recovery of money damages for such injuries.

Relator filed a plea in abatement to Brown's petition in the 114th court grounded on the fact that Relator previously filed a suit based on the same incident in the 7th court. The judge of the 114th court overruled the plea, but consolidated the case filed in that court by Brown with the case filed by Relator in the 7th District Court.

---

1. Consisting of the pleadings, motions, arguments of counsel and various court orders.

Following the "consolidation" of the two cases, Brown filed an "Original Answer" and an "Original Counterclaim" in cause number 88–2271–A pending in the 7th court. The allegations set forth in Brown's counterclaim in the 7th court are identical to the allegations of his original petition filed in the 114th court.

Thereafter, the duly elected judge of the 7th Judicial District Court of Smith County, Texas, the Honorable W.E. Coats, voluntarily recused himself in the cause; whereupon, Respondent[2] was duly assigned to hear the case. Sometime shortly before June 14, 1990, Relator filed his "Second Amended Original Petition" in the 7th court, suing in his individual capacity and as independent executor of the estate of his deceased father, W.J. Amis, Sr. By that same pleading, Relator joined Brown's law partner, Don Hays, as a defendant and alleged, in addition to his assault and battery cause of action against Brown, numerous other causes of action against both Brown and Hays.

Following the filing of Relator's last amended petition,[3] Brown, as "Defendant and Counter–Plaintiff," filed a "Motion to Sever and to Realign." Brown alleged in that motion that Relator amended his pleadings to include "numerous causes of action" against Brown and that such causes of action should be severed out of the assault and battery cause of action against him so as to avoid undue prejudice against him in the trial of the assault and battery case.

With respect to the realignment issue, Brown urged that, in the event the severance is granted, "the parties should be realigned so that [Brown and his wife] be given the designation *and all the rights of Plaintiffs* and that William J. Amis, Jr., be designated the Defendant. To do otherwise would only confuse the jury and prejudice [Brown and his wife] in their cause of action." (Emphasis ours.)

Respondent heard the motion to realign on June 14, 1990, and signed an order on June 15, 1990, granting the severance and realigning the parties. That part of the court's order realigning the parties reads in part:

IT IS ORDERED, ADJUDGED, AND DECREED that David H. Brown and Barbara Brown shall henceforth be designated Plaintiffs in the trial involving assault and battery and that William J. Amis, Jr. shall be designated as the Defendant in such trial.

No evidence was introduced at the June 14th hearing, which was reported in seventy-six pages. Of those pages, only five and one-half pages contained any discussion of the realignment issue. The entire statement of facts from that hearing shows that it consisted primarily of arguments of counsel and verbal interchanges between the court and counsel. Near the close of the hearing, Brown's counsel inquired of the court, "Would it perhaps be appropriate to go ahead and enter an order for realignment so that on mandamus, or whatever they want to do, or would you rather wait and deal with that later?" The judge responded, "What are you talking about [—] realignment?" Counsel replied, "Well on the severed case—." Whereupon, the court said, "Well, here's what—Here's what I'm doing. I'm sorry, I didn't make that clear. Amis, Jr. and Sr., versus Brown is their plaintiff's case, and they are the plaintiff." The judge then further responded, "David Brown versus Amis, Jr., and Amis Jr.'s cross-action against Sr.[sic] is Brown's plaintiff's case." After that pronouncement by Respondent, Relator's counsel asked for further explanation of the oral pronouncement. Respondent stated, "Well, in other words, what you [Relator's counsel] are telling me is that I have—by severing it [sic] I have made [Relator] a plaintiff in both cases and [W.J. Amis, Sr.] a plaintiff in one case?" At that point, Brown's co-counsel, Richard K. Ber-

---

2. Respondent is the elected judge of the 86th Judicial District Court of Kaufman County, Texas.

3. Relator's earlier filed "First Amended Original Petition" also sets forth numerous causes of action in addition to the assault and battery claim based on the October 29, 1988, incident, but they were alleged against Brown only.

ger, stated, "And what I'm saying is, I understand that that[sic] [realignment of parties] has not been taken up by the court. If it has been taken up by the court, I want to know about it because as far as I know, Judge—." At that point, Respondent interrupted, saying, "It has been taken up. And I apologize that you missed that, because I have granted that motion to realign and granted the severance." Following that colloquy, Relator's counsel, J.W. Tyner, stated to the Respondent that Brown's counsel had not argued the realignment issue. Whereupon, co-counsel for Brown, George Quesada, said, "Your Honor, we think that's fairly implicit in what we have presented." In response to Mr. Quesada's remarks, Relator's counsel, David M. Stagner, was permitted to argue:

> Judge, in their motion to the Court they cited no authority. The right of the plaintiff to open and close is a valuable right that can only be dispensed with if they acknowledge liability including damages. What I'm saying to you, Judge, is there is—you have no discretion in the matter, and if you think you do, I would ask for the purposes of the appellate review that you give us some insight into your judicial thinking.

Respondent refused that request and the hearing was concluded.

Relator contends that the Respondent's action in ordering the realignment in the assault and battery case was arbitrary, unreasonable, unsupported by good cause and contrary to TEX.R.CIV.P. 265, 266, and 269.[4] He also argues that Respondent acted without reference to any guiding rules or principles. Relator asserts that Respondent clearly abused his discretion in signing the order realigning the parties in such suit, and that this Court has mandamus jurisdiction under TEX.GOV'T CODE ANN. § 22.221 (Vernon 1988) (hereinafter referred to as "section 22.221").

Respondent and David H. Brown and his wife, Barbara (hereinafter "Brown"), the real parties in interest, contend that mandamus does not lie because Relator has an "adequate remedy by appeal" and the realignment issue is "not ripe for determination." Brown and Respondent also assert that Relator failed to discharge his burden to show how Respondent abused his discretion or why the order for realignment is void. The core of their argument is that there is no requisite showing that Respondent had but one choice, viz., to refuse to realign the parties.

Respondent and Brown also argue "[t]here is not a single case in which [the appellate courts] have granted Mandamus to control the trial courts' decisions regarding alignment or the order of proceedings." Additionally, these parties argue that the Respondent "had ample 'good cause' for determining that [Brown] bears the burden of proof on the whole of the case. [Brown] *obviously suffered the most serious injuries and will be asking for recovery of the bulk of the damages.*" (Emphasis ours.) In this argument, Brown and Respondent note that Brown, to establish his damages, will require much more trial time to produce evidence thereof than will Relator, whose alleged injuries were, by comparison, slight.

■ We are mindful of the fact that remedy by mandamus is not a remedy of right, but an extraordinary remedy. It is one that cannot be granted by an appellate court unless the judicial act complained of is arbitrary and unreasonable. Stated another way, the writ may not issue except to rectify a clear abuse of discretion which produces some harm to the party seeking relief, and for which harm there is no other remedy at law which will provide an "equally convenient, beneficial and effective [remedy]...." *Jampole v. Touchy,* 673 S.W.2d 569, 576 (Tex.1984); *see also Garcia v. Peeples,* 734 S.W.2d 343, 345 (Tex.1987). Certainly, if the assault case went to trial with Brown as plaintiff, and Relator as defendant, Relator would be hard pressed to show prejudice or harm requiring reversal because of the admitted

---

**4.** All references to rules in this opinion are to the TEXAS RULES OF CIVIL PROCEDURE unless otherwise noted.

tactical disadvantage of being cast before the jury as a defendant rather than a plaintiff, as opposed to seeking relief by way of mandamus to correct an alleged arbitrary and unreasonable judicial act. Indeed, as Brown himself acknowledges in his brief, the entire trial record must be consulted by the appellate court to determine what harm, if any, resulted from a wrongful realignment of the parties. Hence, we are persuaded that no other *adequate remedy at law* exists to deprive this Court of the right to exercise its writ authority under section 22.221. We are also of the opinion that Respondent's argument that we should not issue the writ, because no Texas appellate court has heretofore considered a petition for writ of mandamus regarding the realignment issue, is patently unmeritorious. We also reject Respondent's arguments that the realignment issue is not ripe for decision and that the Relator has not produced a record to show "how" Respondent allegedly abused his discretion or why Respondent's order for realignment is allegedly void.

■ At the time the pretrial realignment order was issued, Relator was the plaintiff in trial court cause number 88–2271–A and Brown was the defendant who later filed a counterclaim[5] based on the same events relied upon by Relator as plaintiff, that is, the events of October 29, 1988. Under these circumstances, we are persuaded that rule 266 controls our decision. That rule reads, in pertinent part, as follows:

> Except as provided in Rule 269 the plaintiff shall have the right to open and conclude both in adducing his evidence and ... [arguments] *unless the burden of proof on the whole case under the pleadings* rests upon the defendant, or unless the defendant ... shall, after the issues of fact are settled [under the pleadings] and *before* the trial commences, admit[s] that the plaintiff is entitled to recover as set forth in the [plaintiff's] petition, except so far as he may be defeated, in whole or in part, by the allegations of the answer constituting a good defense, which may be established

[by competent evidence] on the trial; *which admission shall be entered of record,* whereupon the defendant ... shall have the right to open and conclude in adducing the evidence and ... argument of the cause. The admission shall not serve to admit any allegation [of plaintiff] which is inconsistent with such defense, which defense shall be one that defendant has the burden of establishing, as for example, and without excluding other defenses: accord and satisfaction, adverse possession, arbitration and award, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, release, res judicata, statute of frauds, statute of limitations, waiver, and the like.

Rule 266 (emphasis ours).

Rule 269 governs the right "to open and conclude" the jury arguments in a case. This rule is applicable only after the evidence is closed by all parties and the charge is read to the jury. The rule provides that "[t]he party having the burden of proof [and persuasion] on the whole case, or on all matters [issues of fact] ... submitted [to the jury] by the charge ... shall be entitled to open and conclude the argument; where there are several parties having separate claims or defenses, the court shall prescribe the order of argument between them." Rule 269.

Original rule 265 was derived from former TEX.REV.CIV.STAT.ANN. art. 2180 and was identical in language to that statute. That original rule read as follows, to-wit:

> The trial of cases before a jury shall proceed in the following order *unless the court should, for good cause, to be stated in the record, otherwise direct:*
> (a) Plaintiff's petition shall be read to the jury.
> (b) Defendant's answer shall be read to the jury.
> (c) If there be any intervener [sic] his pleadings shall be read.
> (d) The party upon whom rests the burden of proof on the whole case under the pleadings, shall be permitted to

---

5. (Or cross-action as contemplated by rules 85 and 97.)

state to the jury briefly the nature of his claim or defense and facts relied upon in support thereof.

(e) Such party shall then introduce his evidence.

(f) The adverse party may then state briefly the nature of his defense or claim and the facts relied on in support thereof.

(g) He shall then introduce his evidence.

(h) The intervenor may, in like manner, make his statement, and shall then introduce his evidence.

(i) The parties shall then be confined to rebutting testimony on each side.

In 1967, the Supreme Court rewrote rule 265 and the current version,[6] for our purposes here, is identical to the 1967 version and reads, in part, as follows:

The trial of cases before a jury shall proceed in the following order unless the court should, for good cause stated in the record, otherwise direct:

(a) The party upon whom rests the burden of proof on the whole case shall state to the jury briefly the nature of his claim or defense and what said party expects to prove and the relief sought. Immediately thereafter, the adverse party may make a similar statement, and intervenors and other parties will be accorded similar rights in the order determined by the court.

(b) The party upon whom rests the burden of proof on the whole case shall then introduce his evidence.

(c) The adverse party shall briefly state the nature of his claim or defense and what said party expects to prove and the relief sought unless he has already done so.

(d) He shall then introduce his evidence.

. . . .

Rule 265.

Although it cannot be gainsaid that, in amending rule 265, the Supreme Court changed the focus of that rule from the ordinary plaintiff to the party bearing "the burden of proof on the whole case ...," in prescribing the order of proceedings in jury trials, the court nevertheless, left rule 266 intact. While tension between rule 266 and rule 265 may exist, the plain, clear language of rule 266 sets forth the procedures to be followed by a defendant who desires to open and close the case. Such may be accomplished only where the burden of proof *on the whole case* rests on the defendant, or where the defendant makes the required admissions before trial.

In the case before us, rules 265, 266, and 269 constitute the "guiding rules and principles" by which the trial court's action must be measured. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–242 (Tex.1985). We find no provision in these rules that would permit the Respondent to realign the parties based on the pleadings of the parties before the court on June 14th. The alleged fact that Brown sustained the greatest injuries from the altercation, standing alone, provides no basis under rule 266 to realign the parties. Thus, there exists no basis to permit Brown to assume the role of plaintiff and cast an obligation on Relator, as defendant, to then comply with the requirements of that rule before regaining the right to open and conclude the presentation of the case, including the voir dire, the opening statements, and the evidence.

Under this record,[7] we conclude that upon hearing the realignment motion, Respondent had but one choice: to overrule Brown's motion for realignment. Hence, Respondent's act in granting the motion was a clear abuse of discretion. We grant Relator's petition for the writ of mandamus. However, because we are certain that Respondent will vacate his June 15, 1990, order, as it relates to the realignment of the parties, in trial court cause number 88–2271–A, involving the assault and battery suit filed by Relator, the writ will not

---

6. The 1978 amendments eliminated subdivisions (a), (c) and (e), authorizing the reading of the pleadings of the respective parties.

7. The record indisputably shows that Brown, at the time the motion to realign was heard, did not have the burden of proof on the "whole case" and that he had not filed the admission required by rule 266.

issue unless Respondent fails to set aside such order within ten (10) days from the date of this opinion.

Our opinion is not to be understood as precluding Respondent, or any judge sitting in the 7th District Court, from entertaining a motion by Brown to open and close the case in accordance with the provisions of rule 266, or a motion by Brown to open and close the arguments pursuant to rule 269.

RAMEY, C.J., dissenting.

RAMEY, Chief Justice, dissenting.

I most respectfully dissent. I would deny Relator's petition for writ of mandamus.

The majority holds that "rule 266 controls our decision." The opinion then states that "rules 265, 266 and 269 constitute the 'guiding rules and principles'" by which to measure the trial court's action.

These rules pertain to the trial court's authority to revise the order of proceeding in a trial to afford a defendant the right to open and close in adducing its evidence or arguing its case. They do not relate to party alignment. On the contrary, rule 266 specifically retains the original designation of the parties "plaintiff" and "defendant."

The core issue here is the alignment of the plaintiff and defendant. A Texas court has historically had the discretion to align its litigants. This often occurs in multiple party litigation; the trial judge therein is specifically charged with the duty to align the parties, not on the basis of burden of proof as in rule 266, but to avoid antagonism between parties on the same side of the case, preliminary to assigning the number of peremptory challenges by the parties. Tex.R.Civ.P. 233; *Perkins v. Freeman*, 518 S.W.2d 532 (Tex.1974); *American Cyanamid Co. v. Frankson*, 732 S.W.2d 648 (Tex.App.—Corpus Christi 1987). In none of these cases are rules 265, 266 or 269 mentioned, nor is the standard for review of the alignment issue the respective litigants' burden of proof on the whole case.

Doubtless the most prolific occasion for trial court alignment has been appeals from awards of the Texas Industrial Accident Board by workers' compensation carriers. These are routinely granted. See the dissent by Justice Keltner in *Royal Ins. Co. of America v. Szuma*, 731 S.W.2d 953, 958 (Tex.App.—Fort Worth 1987, writ ref'd n.r.e.). Rules 265, 266 and 269 are, likewise, not the basis for party alignment in these cases.

Significantly, trial courts have not been reversed even in those few cases in which they have *refused* to align the workers' compensation parties. *Ibid; Texas Employers' Ins. Ass'n v. Brown*, 226 S.W.2d 233 (Tex.Civ.App.—Amarillo 1949). Likewise in the numerous multiple party suits involving peremptory challenges, the *authority* of the trial court to align has not been denied.

The majority opinion recognizes "the admitted tactical disadvantage of being cast before the jury as defendant rather than a plaintiff." That litigant who suffers defeat in "the race to the courthouse" will be the permanent repository of that disadvantage, unless its adversary does not have the burden of proof on any aspect of the whole case. Tex.R.Civ.P. 265, 266 and 269. This holding encourages the early filing of lawsuits and could be tactically disadvantageous to those parties who sustain extended, incapacitating injuries.

Although we find no cases of trial court alignment in compulsory counterclaim litigation, I believe that it is clear that the trial court had authority to align, independent of rules 265, 266 or 269. Our courts have demonstrated their reluctance to interfere with trial court rulings in aligning the litigants before them. Alignment is a trial court ruling that I do not believe we should disturb on petition for writ of mandamus. I would deny this petition.